## JOHN RICKARDS vs. JAMES SWETZER.

Where no issue is joined, and the Plaintiff is entitled to judgment by default, the damages may be assessed by a sheriff's jury, (where the action is such as to require an assessment by a jury) as heretofore.

A judgment in such a case held to be regular, notwithstanding two days' notice was not given of the entry in the judgment of the charges for costs. An irregular taxation of costs never affected the regularity of the judgment, under the old practice. Besides, the Defendant, by not answering, is not entitled to such notice.

Where the Defendant asks to be let in to defend on terms, and swears to merits—his affidavit of merits must conform to the rules and practice of the court, and the decisions of the court heretofore made respecting such affidavits.

Before GRIDLEY, Justice, at chambers.

WM. TISDALE, *for the Plaintiff.*
W. HUNT, *for the Defendant.*

GRIDLEY, Justice.—The Defendant moves to set aside a judgment, and to be allowed to answer.

1st. He insists that it was irregular to have the damages assessed by a sheriff's jury. This was an action of assault and battery, and by the second subdivision of the 202d section of the code, it is enacted that "if

the Plaintiff require it, *the court shall order the damages to be assessed by a jury.*" There is nothing to require the damages to be assessed by a jury at the circuit, and as there has been no issue joined, it is more convenient, as well as more in accordance with the former practice, that they should be assessed by a sheriff's jury; and certainly, it was in the power and discretion of the justice who held the special term, to order the damages to be assessed in this manner.

2d. It is argued that the *judgment* was irregular and liable to be set aside, because the two days' notice was not given of the entry in the judgment of the charges for costs. This cannot be so. An irregular taxation of costs under the old practice, never affected the *regularity* of the judgment—a retaxation was ordered, and the amount deducted, if any, was directed to be endorsed on the execution. Besides, the Defendant, not having put in an answer, was not entitled to the notice.

3d. The Defendant has sworn to merits and asks to be allowed to answer *on terms.* The affidavit of merits, however, is defective, under a series of decisions, on the ground that it alleges that the advice of counsel was given after stating to such counsel the facts of his *defence,* instead of " the case," " or the facts of the case." It may be that there was a complete and perfect answer to his " *defence,*" of which the counsel was not informed. Therefore, it should appear that the Defendant stated the *whole* case to his counsel. As this defect was probably inadvertent, I would deny the motion without prejudice to a new application, were not the delay so great, and the laches accounted for in such a manner, as to throw great suspicion upon the application. The motions must be denied.