ERASTUS H. PEASE et al., Appellants, v. HENRY SMITH et al.,
Respondents.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1871.)

The place of the trial of an action may be changed for convenience of wit-
nesses, upon the plaintiff's motion.

THIS was an appeal by the plaintiff from a Special Term
order denying his motion to change the place of trial under
section 126, subdivision 3, of the Code.

The plaintiff brought his action in the nature of *trover*,
and laid the venue in Albany county, where the parties
resided.   After issue joined he moved for a change of venue
to Washington county upon affidavits setting forth that the
convenience of witnesses would be promoted thereby.   The
court denied the plaintiff's right to make the motion, and
refused upon that ground to entertain it.   An order was
accordingly entered as follows, viz. :

" On hearing, &c., it is ordered that the motion be denied
with ten dollars costs, on the ground that the plaintiff has no
right to make such a motion, and without deciding on the
convenience of witnesses."

*William P. Prentice,* for the appellant, cited *Moore* v.
*Gardner* (5 How. Pr. R., 245); *Park* v. *Carnley* (7 id.,
356); *Hinchman* v. *Butler* (7 id., 465); *Hubbard* v. *Nat.
Protection Ins. Co.* (11 id., 153) ; *Budge* v. *Northam* (20 id.,
248).   To show that the former practice allowed the plaintiff
to lay his venue in actions of this character where he pleased,
he cited 2 R. S., 409, § 2; Grah. Pr., pp., 561, 194; *Root* v.
*King* (4 Cow., 405), and he contended that as section 125 of
the Code required the plaintiff to lay his venue where the
parties resided, that there was no force in the suggestion that
before the Code such a motion as this on the part of the plain-
tiff was unknown.

*Amasa J. Parker*, for the respondent, insisted that the plaintiff could not move to change the venue, and also contended that the plaintiff's remedy, if any, was by motion to amend the summons and complaint.

Present—MILLER, P. J., POTTER and PARKER, JJ.

The court held that the refusal to hear the motion on the merits was error, and reversed the order of Special Term with costs.