MILO M. BELDING, Respondent, *v.* EUGENE H. LADD *et al.*, Appellants.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Place of trial. Change.*—Where the number of material and necessary witnesses on each side is substantially equal, the place where the transaction occurred ought generally to control in determining the place of trial on motion to change it for the convenience of witnesses.

2. *Same.*—Where, however, the witnesses of the moving party outnumber those of the adverse party, the motion should be granted. A denial of such motion on condition that a consent be given to the examination of the witnesses before a referee in the county in which they reside, is error.

Appeal from an order denying the defendant's motion to change the place of trial upon plaintiff stipulating to examine the witnesses named in the moving papers in Franklin county before a referee.

*Kellas & Munsil*, for appellants ;

*W. B Purdey*, for respondents.

BARRETT, J.—The motion to change the place of trial should, upon well-settled principles, have been granted. Where the number of material and necessary witnesses on each side is substantially equal, the place where the transaction occurred ought generally to control. Peck v. Parker, 15 Week. Dig. 142; Whitall *v.* Moshier, 7 N. Y. State Rep. 390. In the present case, the affidavits clearly show that the defendants have a far greater number of witnesses in Franklin county than the plaintiff has in New York. Upon examining these affidavits carefully, in connection with the pleadings, we are satisfied that, while some of the witnesses named in the moving papers might have been omitted, very

many of them are unquestionably material and necessary. Indeed, of those who, upon a critical analysis of the papers, appear to be strictly material and necessary, the preponderance is plainly with the defendants. It is eminently proper that this case should be tried where the horses, which form the subject of the action, were purchased, and where they had been handled and observed for more than a year prior to the sale.

The plaintiff's witnesses speak of a vice, called cribbing, observed since the sale, which vice they claim must have existed prior thereto. The defendant's witnesses speak of the entire absence of that vice prior to the sale ; and they claim to so speak from actual and constant observation. It would be entirely unfair to compel the defendants, who sold their horses, and made whatever contract of guaranty there was, in Franklin county, to come down to New York, with a large number of witnesses to rebut inferences deducible from observation since the sale by proofs of the actual con-. dition of the horses at and prior to the time of the sale. One side or the other must, undoubtedly be inconvenienced, but on the proofs before us as to the number of necessary and material witnesses, the place where the transaction occurred should certainly turn the scale. The motion should therefore have been granted. In granting it, the court might properly have imposed reasonable conditions, making the change as little burdensome to the plaintiff as possible. Instead of that, the court denied the motion, exacting from the plaintiff, as a condition of the denial, a stipulation to permit the defendants to examine their witnesses in Franklin county before a referee. Thus the just order of things was reversed ; and the defendants, who were entitled to produce their witnesses before a jury in Franklin county, were simply enabled to read their depositions before a jury in New York. As the defendants are unwilling to risk a trial upon paper testimony, they are thus compelled to leave the locality of the bargain, and, at great inconvenience and expense, to

bring all their witnesses to this city. In other words, they are deprived of the change of venue, which the facts entitle them to, upon the plaintiff's agreeing, in substance, to let them have a jury trial in New York shorn of one of its most important and valuable features. We think this condition did not help the matter, and that the denial of the motion was not justified by its imposition.

The order appealed from should, therefore, be reversed, with ten dollars costs and the disbursements of the appeal; and the motion should be granted, with ten dollars costs to abide the event.

VAN BRUNT, P. J., and DANIELS, J., concur.