## MAYNARD *v.* CHASE.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

> The machine which was the subject of the action was in Orange county. The manner in which it worked was a material issue, and could only be proved by witnesses in that county. *Held* that, there being no especial preponderance of evidence as to the convenience of witnesses, the order granting a change of venue to Orange county would not be disturbed.

Appeal from special term, Kings county.

Action by John O. Maynard against William W. Chase to recover for work, labor, and material furnished in erecting an elevator at Newburgh, Orange county. From an order changing the place of trial from Kings county to Orange county, for the convenience of witnesses, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William G. Bussey*, for appellant.  *William D. Dickey*, for respondent.

PRATT, J. In any view that can be taken in this matter, the evidence is not so preponderating as to require a reversal of the order. In our opinion, however, the weight of evidence upon the issue as to convenience of witnesses is in favor of defendant. It was a pure question of fact, and upon the proofs submitted the decision of the court was right. It is a peculiarity of this class of motions that the party that has the last word generally requires a much larger number of witnesses, and that when the case comes to a trial neither party call the number of witnesses that he claims are necessary upon the motion to change venue. It is the duty of the court to scrutinize the affidavits, and consider all the facts and circumstances surrounding the transaction, in order to determine whether a change of venue should be made. The place where the contract was made, or the subject-matter of the action is located, is an important element. In this case, the machine which is the subject of the action is in Orange county; and it appears that the manner in which it works

is a material issue, and can only be proved by witnesses in that county, who have seen it in operation. The order must be affirmed, with costs.

All concur.