### THOMPSON *v.* NARWOOD *et al.*

(*Supreme Court, General Term, Third Department.* July 2, 1892.)

CHANGE OF VENUE—EVIDENCE.

In a civil action for assault and battery and false imprisonment the question of change of place of trial on the ground of convenience of witnesses is in the discretion of the court; and where the evidence is conflicting, and this discretion has not been abused or improvidently exercised, the order of the trial court will not be disturbed.

Appeal from special term, Rensselaer county.

Action by James Thompson, Jr., against Isaac M. Narwood and Frederick Narwood for damages for assault and battery and false imprisonment. From an order changing the place of trial from Rensselaer county to Kings county the plaintiff appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM, J.

*Frank White*, (*Thomas S. Fagan*, of counsel,) for appellant. *Jackson & Burr*, (*Joseph A. Burr*, of counsel,) for respondents.

MAYHAM, P. J. This action is for an alleged assault and battery and false imprisonment of the plaintiff by the defendant in the city of Brooklyn, Kings county. The motion is made on the ground of convenience of witnesses, but, although this is a transitory action, and may be tried in a county other than where the principal transactions which are the subject of controversy occurred, yet, everything else being equal, the court may regard that as an important, if not a controlling, factor in determining where the trial should be had. In *Belding* v. *Ladd*, (Sup.) 7 N. Y. Supp. 379, the court says: "Where the number of material and necessary witnesses on each side is substantially equal, the place where the transaction occurred ought generally to control." In *Maynard* v. *Chase*, (Sup.) 8 N. Y. Supp. 746, it was held that, when the

evidence as to the convenience of witnesses is conflicting, and there is no great preponderance, the place where the contract was made or the action is located is an important element in determining the question of a change of place of trial. It is quite probable in this case that all of the witnesses named on either side on this motion will not at the trial be actually needed or called by the parties, but the court can see that some of them are clearly necessary and material, and that, among those named, the witnesses actually necessary are about equal, and it is fair to presume that the learned judge at the special term reached that conclusion, and, as the question of the proper place of trial upon the proof before him was one largely in his discretion, —*Lane* v. *Town of Hancock*, (Sup.) 9 N. Y. Supp. 97; *Green* v. *Weston*, (Sup.) 10 N. Y. Supp. 948,—and as that discretion was not abused, or improvidently exercised, this court should not interfere with his conclusion. Order affirmed, with $10 costs and printing disbursements to the respondent.