DAVID ZENNER and Others, Respondents, v. GEORGE W. DEXTER, Appellant.

*Venue — changed to the county where the transactions took place.*

Where a motion was made to change the place of trial in an action in which the issues were whether the grantor of the defendant had fraudulently purchased the goods in question, and whether the defendant was a purchaser of them in good faith, and it appeared that practically all the transactions between the parties had occurred in the county of Chenango, the court deemed it proper that the place of trial should be changed to that county.

APPEAL by the defendant, George W. Dexter, from an order of the Supreme Court, made at the Onondaga Special Term, bearing date the 18th day of May, 1895, and entered in the office of the clerk of county of Onondaga, denying the defendant's motion to change the place of trial of the action from the county of Onondaga to the county of Chenango.

*John W. Church,* for the appellant.

*Raymond W. Cobb,* for the respondents.

PER CURIAM:

We think the order appealed from should be reversed. The action was replevin to recover certain goods sold by the plaintiffs to the defendant's grantor, and by the latter sold and transferred to the defendant. The original sale was made by an agent of the plaintiffs in the county of Chenango, and the goods were delivered there. The sale by the purchaser to the defendant was also made in that county. The plaintiffs by this action seek to disaffirm the original sale and recover the goods upon the ground that they were. fraudulently obtained of them by the defendant's grantor, and that he fraudulently transferred them to the defendant.

It is rendered quite manifest from a reading of the papers contained in the appeal book that on the trial no serious question as to the sale and delivery of the goods by the plaintiffs to the defendant's grantor will be raised. Obviously, the only issues to be tried in this case are : (1) Whether the defendant's grantor fraudulently purchased the goods in question, and (2) whether the defendant was a purchaser of them in good faith. As the sale by the plaintiffs was made in Chenango

county, if the purchaser was guilty of any fraud, it was perpetrated there. Indeed, practically all the transactions between the parties to such sale took place in the county of Chenango. Again, all the transactions relating to the sale of the goods to the defendant occurred in Chenango county. It seems very improbable that any witnesses out of that county will be called, upon the issue as to the good faith of the defendant's purchase, or as to the good faith of the original purchase. A careful examination of the papers contained in the appeal book has led us irresistibly to the conclusion that the witnesses who will be examined upon the trial of this case must and will consist principally of residents of Chenango county, and that their convenience requires that the place of trial shall be changed to that county.

We think the defendant was not guilty of any such *laches* as should defeat this motion. The delay was sufficiently explained by the affidavits used upon the motion.

The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.