HARRIS v. BRADLEY et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

CHANGE OF VENUE—MOTION—ESTOPPEL.

In an action in equity against a corporation and its officers, the corporation answered; and the other defendants, to obtain further time to answer, stipulated that issue should be of the original date, and that plaintiff might file a note of issue for the coming equity term in Albany county. Thereafter all the defendants moved for a change of venue to New York county, where all the transactions took place out of which the cause of action arose, and where all the witnesses for both parties who were not nonresidents resided. Held, that the motion was improperly denied, since the corporation, not being a party to the stipulation (which, moreover, was not made by the other defendants as an intentional waiver of the right to a change of venue), should not be prejudiced thereby.

Appeal from special term, Albany county.

Action by Melville A. Harris against Edson Bradley and others. From an order denying a motion for a change of venue (66 N. Y. Supp. 243), defendant the Distilling Company of America appeals. Reversed.

The action is brought by plaintiff, suing in his own behalf and in behalf of other stockholders of the American Spirits Manufacturing Company, against the defendants who are the officers and directors of the Distilling Company of America, and against the Distilling Company of America and the American Spirits Manufacturing Company, substantially: First, to restrain the defendants and their agents from diverting or using the income or assets of the American Spirits Manufacturing Company for the benefit and in the interest of the Distilling Company of America; second, to restrain the defendant the Distilling Company of America from acquiring and intermeddling with said assets or business; third, that all the contracts between the Distilling Company of America and the American Spirits Manufacturing Company may be decreed to be illegal and invalid; fourth, that the defendants may account to the American Spirits Manufacturing Company for the full value of the income and assets of the said company which have been diverted in the interest of the Distilling Company of America. The defendant the Distilling Company of America appeared by its attorneys and answered. The other defendants appeared by their attorneys, and, for the purpose of obtaining additional time to answer, entered into a stipulation which expressed this condition: "That the issue herein shall remain as of original date, and that the plaintiff may at any time after such day of issue serve a notice of trial, and file a note of issue for the special term of the court for the trial of equity cases, appointed to be held in and for the county of Albany, at the city hall, in the city of Albany, on the 16th day of June, 1900." These other defendants were the directors and officers of the defendant distilling company. All defendants united in this application to remove the place of trial to the county of New York. It appeared that in that county all the transactions occurred out of which the cause of action has arisen, and substantially all the witnesses for either party live who do not live without the state. The plaintiff claims no witnesses within the county of Albany, and rests his defense to the motion mainly upon the stipulation of the defendants other than the distilling company as a consent to the trial of the action in Albany county.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Butler, Notman, Joline & Mynderse (Arthur H. Van Brunt, of counsel), for appellant Distilling Co. of America.

Gugenheimer, Untermyer & Marshall, for the other appellants.

John A. Delehanty, for respondent.

SMITH, J. Except for the stipulation signed by the defendants other than the distilling company, the defendants' motion for removal of the place of trial would be unanswerable. If this stipulation had been signed by all of the parties defendant, it would be such a consent on their part as would require the court to retain the place of trial in Albany county. Moreover, if the stipulation on the part of the other defendants than the distilling company had been made as an intentional waiver of the right to change the place of trial, the relation of those defendants to the distilling company is such that the court might well hold the distilling company to the stipulation of its officers, though not made on its behalf. The holding, however, in this case, that such a stipulation is an estoppel against the making of this motion, would be rather technical, and, in our judgment, should not be made, to the injury of the distilling company, not a party to the stipulation. All of the defendants unite in this application. As the estoppel claimed is not broad enough to forbid all the defendants from asking for a change of venue, and as the case seems otherwise to be one clearly calling for

such a change, we think the special term erroneously denied the defendants' motion, and that the action should be tried in the county of New York.   The order should therefore be reversed, and defendants' motion granted, with costs to the appellants to abide the event of the action.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, to abide event.   All concur.