WILLIAM C. ROBERTS, Respondent, *v.* WILLIAM LANSING, Appellant.

*Venue — when changed to the locality where the cause of action arose — effect of an offer to receive upon the trial copies of records and affidavits.*

Where upon a motion to change the place of trial of an action from the county of New York to the county of Albany for the convenience of witnesses, it appears that the action is brought to recover for services rendered by an attorney and counselor at law in an action or proceeding pending in the Supreme Court in Rensselaer county, that the defendant is an attorney at law residing and practicing in Albany, and that all the services were performed in Albany county, or in the adjoining county, the motion should be granted notwithstanding the fact that the attorney for the plaintiff stipulates that copies of all necessary records and the affidavits of certain of the witnesses will be received upon the trial of the action.

O'BRIEN, J., dissented.

APPEAL by the defendant, William Lansing, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 12th day of November, 1900, denying the defendant's motion to change the place of trial of the action from the county of New York to the county of Albany for the convenience of witnesses.

*T. F. Hamilton,* for the appellant.

*Forbes J. Hennessy,* for the respondent.

INGRAHAM, J. :

We think this motion should have been granted. The action is brought to recover for services rendered by an attorney and counselor at law. The services were rendered in an action or proceeding pending in the Supreme Court in Rensselaer county. The court below denied the motion upon a stipulation contained in an affidavit of counsel for the plaintiff, who was the plaintiff's assignor, that copies of such records as would be needed on the trial, and the affidavits of some of the witnesses would be received upon the trial of the action. But it is quite unfair that the parties should be compelled to depend upon copies of records or affidavits of witnesses rather than the production of the originals and the testimony of the witnesses in an action of this kind, which must be tried before a jury. In actions of this character the locality where the cause of action arose and the services were performed are important elements in determining the county in which the trial should be had, and by rule 48 of the General Rules of Practice it is expressly provided that these facts will be taken into consideration by the court in fixing the place of trial. It is quite apparent in this case that the substantial questions to be determined are whether or not the defendant is responsible for the services rendered by the plaintiff's assignor and the value of such services. The defendant was an attorney at law residing and practicing in Albany. The services performed by the plaintiff's assignor were performed in Albany county, or the adjoining county. The nature of the services, the conditions under which they were performed, and just what the plaintiff's assignor did in relation to the litigation, will be most important in determining these questions, and I think it is evident that the convenience of the witnesses requires that the action should be tried in the locality where the services were rendered.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide the event.

VAN BRUNT, P. J., and MCLAUGHLIN, J., concurred; O'BRIEN, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event.