### HIRSHKIND v. MAYER.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. PLACE OF TRIAL—CHANGE.

Where plaintiff resided in the county where the venue was laid, a motion to change the place of trial to another county on the ground that the venue was improperly laid was unsustainable.

2. SAME—CONVENIENCE OF WITNESSES.

A change of the place of trial will not be ordered for convenience of witnesses alone where the change desired is from a rural county to the county of New York.

Appeal from Special Term, Westchester County.

Action by Jerome Hirshkind against Joseph Mayer. From an order changing the place of trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Louis Wertheimer, for appellant.
Jacob Bachrach, for respondent.

PER CURIAM. The order appealed from in this case changes the place of trial of the action from the county of Westchester to the county of New York. The motion for such change was based upon the ground that the latter county was the proper one. As the plaintiff resides in the county where the venue is laid, the motion could

not properly have been granted upon the ground assigned. It is true that in the moving papers allegations are made with the design of showing that the convenience of witnesses would be subserved by the change, but it has been frequently decided in this department that a change in the place of trial will not be ordered upon that ground alone, where the change desired is from a rural county to the county of New York. Quinn v. Brooklyn Heights Railroad Company (decided Nov. 20, 1903), 84 N. Y. Supp. 738.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs.