(43 Misc. Rep. 116.)

LINDSLEY v. SHELDON.

(Supreme Court, Special Term, Erie County. March, 1904.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES—RIGHTS OF PLAINTIFF.
    The right to a change of venue for convenience of witnesses, given by Code Civ. Proc. § 987, may be demanded by plaintiff in an action, and is not limited to defendant.

2. SAME—REMEDY BY MOTION.
    The remedy of a party plaintiff applying for change of venue for convenience of witnesses, under Code Civ. Proc. § 987, is by motion, and not by an amendment of plaintiff's declaration, as it was under the old practice.

Action by John E. Lindsley against Morris W. Sheldon. Application by plaintiff to change place of trial from Niagara county to Jefferson county. Application granted.

Montford C. Holley, for plaintiff.
Owen B. Augspurger, for defendant.

KENEFICK, J. The defendant, being a resident of Niagara county, the venue was laid in a proper county. Code Civ. Proc. § 985. Plaintiff now asks that the place of trial be changed for the convenience of witnesses. Section 987 of the Code authorizing such a change does not limit the right to the defendant. Under the old practice, the plaintiff's right to apply for a change of venue was recognized, but under the rules the method was by an amendment of plaintiff's declaration. I am of the opinion that the right of the plaintiff to apply for such a change is preserved, but the method is by motion. Pease v. Smith, 3 Lans. 428.

The cause of action arose in Jefferson county. Four material witnesses for the plaintiff (Seymour, William Howard, Seeber Hoard, and Frank Moran) reside in that county. Defendant suggests but one witness for the defendant, his wife, who resides in Niagara county. The parties to the action and expert witnesses cannot, of course, be considered. Place of trial is changed to Jefferson county.

Application granted.