KAVANAUGH v. MERCANTILE TRUST CO. et al.

(Supreme Court, Appellate Division, Third Department.    May 25, 1904.)

**1. CHANGE OF VENUE—SUFFICIENCY OF SHOWING.**

The statute authorizes the trial court to change the place of trial where necessary for the convenience of witnesses, and to promote the ends of justice. Plaintiff sued in the county of his residence for false representations in the prospectus of a corporation, by which he was induced to buy stock, which was read and acted upon in that county. The transactions to be examined to ascertain the falsity of the prospectus occurred in the county where most of the defendants resided and in which the prospectus was prepared and published. In support of a motion to change the place of trial, the defendants urged the convenience of witnesses, some of whom were nonresidents of the state, and three of whom stated that their convenience would be better subserved by a trial in the county of suit. The other witnesses were defendants themselves. The court calendars in New York and Brooklyn are much congested, and the convenience of witnesses would not be promoted by a trial in a county adjacent to New York county. *Held*, that it was not an abuse of discretion to refuse to change the place of trial.

Appeal from Special Term, Saratoga County.

Action by Charles H. Kavanaugh against the Mercantile Trust Company and others. From an order denying defendants' motion to change the place of trial, they appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Strong & Cadwalader (Lewis E. Carr, of counsel), for appellants.
Edgar T. Brackett, for respondent.

PER CURIAM. . The judgment sought is for damages for false representations. Defendants are charged with using a prospectus of the United States Ship Building Company, which contained false statements as to material matters affecting the value of the stock and bonds of such company. Plaintiff claims to have been misled by such false statements, and in reliance thereon to have purchased certain stock and bonds of said company, which were worth $76,000 less than they would have been worth had the statements made by the defendants been true. For this sum, therefore, plaintiff claims damages in this action. Plaintiff resides in Saratoga county, the county in which is laid the venue of the action. The statements in the prospectus claimed to have been issued and published by the defendants were read and acted upon by the plaintiff in Saratoga county. In the county of New York, however, where the defendants mostly reside, occurred the transactions which must be the subject of examination to ascertain the truth or falsity of the statements in the prospectus. In that county also this prospectus was prepared and published. It is strongly urged, therefore, by the defendants, that the county of New York was the county in which the transaction arose, and that this fact, in addition to the claimed convenience of certain witnesses for the defendants, entitled the defendants to a trial of the action in that county, or at least in an adjoining county. On behalf of the plaintiff this motion was resisted not only upon the ground that the convenience of witnesses is best subserved by

88 N.Y.S.—8

retaining the place of trial in Saratoga county, but also upon the ground that by reason of the congested condition of the calendars in New York county, and the long delay in procuring a trial of the action necessitated thereby, the plaintiff should not be required to go to New York for the purpose of the trial of his action. In Tuthill v. Long Island R. R. Co., 75 Hun, 556, 26 N. Y. Supp. 1029, it was held that by reason of the size of the court calendars in New York and Brooklyn, and the uncertainties of trial, the convenience of witnesses would be best subserved by retaining the trial in a county outside of New York, and it was there stated that it was unusual to change the place of trial either to New York City or to Brooklyn from an outside county. Under the statute the court is authorized to change the place of trial where necessary for the convenience of witnesses, and that the ends of justice may be promoted thereby.. The number of witnesses whose convenience is urged upon either side of this controversy is small. On behalf of the defendants some of the witnesses claimed to be material, and for whose convenience the change of place of trial is asked, are nonresidents of the county and of the state. Three of them have stated in affidavits that their convenience would be better subserved by a trial in Saratoga county than in New York City, while others are defendants in the action, whose convenience is not considered under the established rules of the courts governing the disposition of these applications. The force of the plaintiff's objection to changing the place of trial to New York county is recognized by defendants' counsel in the argument made before us. To obviate the force of this objection, it is urged that the place of trial may be changed to a county adjacent to the county of New York, to wit, the county of Westchester, or the county of Queens, where the calendars are not congested, and long delays are not necessitated. Without questioning the power of the court so to direct, the trial of an action should not be changed to a county in which neither of the parties nor any of the witnesses reside, unless the circumstances are so unusual that the ends of justice positively require the same. The trial of this action in any county outside of New York county would be well-nigh as great an inconvenience to the defendants' witnesses as would the trial in Saratoga county. It would be a greater inconvenience to the plaintiff's witnesses than would a trial of the action in the county of New York. This case is not an unusual one to which an unusual rule should be applied in determining the place of trial. The law gives to the plaintiff the right, within limits, to select the county where he would have the trial, subject to a change where the convenience of witnesses and the ends of justice require. In the determination of the question whether the convenience of witnesses and the ends of justice so require, the special term is held to have to a certain extent a discretion to exercise. While that discretion is a legal discretion, subject to review by the Appellate Division when, in its judgment, it had been improperly exercised, we are unable to find in the case at bar any facts presented which convince us that the special term has improperly exercised that discretion in refusing to remove the trial of this action from the county of Saratoga.

The order should therefore be affirmed, with $10 costs and disbursements.