(45 Misc. Rep. 234.)

### LAROCQUE v. CONHAIM.

(Supreme Court, Special Term, Lewis County. November, 1904.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

A change of venue for convenience of witnesses to the county where the cause of action arose will generally be granted.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

2. SAME.

A motion for a change of venue of an action which arose in the city of New York from the county of Lewis, in which the action was brought, to the county of New York, should be granted where defendant has seven material witnesses residing in such city, and plaintiff is the only material witness residing in the county of Lewis.

3. PLEADING—ANSWER—AFFIDAVIT OF MERITS.

An affidavit of merits stating that deponent has fully and fairly stated his defense to said action and all the facts relative thereto to his counsel is sufficient.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 317.]

Action by Leon Larocque against Abraham Conhaim. Motion by defendant to change place of trial to New York county. Granted.

H. V. Rutherford, for the motion.
C. D. Adams, opposed.

WRIGHT, J. The defendant urges the change of venue on the ground of the convenience of witnesses and that the cause of action arose in New York City. The defendant swears to seven material witnesses, all living in the city of New York. The plaintiff is the only witness in the case shown to reside in Lewis county.

It is the general rule that a change of venue to the county where the cause of action arose will be allowed when the convenience of a majority of the witnesses will be thus promoted. Bell v. Whitehead Bros. Co., 5 App. Div. 555, 39 N. Y. Supp. 434; Roberts v. Lansing, 60 App. Div. 81, 69 N. Y. Supp. 736; Archer v. McIlravy, 86 App. Div. 512, 83 N. Y. Supp. 727; Hedges v. Bemis, 38 App. Div. 349, 56 N. Y. Supp. 566; Adriance, Platt & Co. v. Coon, 15 App. Div. 92, 44 N. Y. Supp. 288; Harrington v. Village of Warsaw, 4 App. Div. 181, 38 N. Y. Supp. 888; Zenner v. Dexter, 92 Hun, 195, 36 N. Y. Supp. 590; Lindsley v. Sheldon, 43 Misc. Rep. 116, 88 N. Y. Supp. 192. And where the plaintiff's and defendant's wit-

nesses are nearly equal in numbers, the place where the cause of action arose is an important circumstance to be taken into account in determining the motion. Thompson v. Narwood (Sup.) 19 N. Y. Supp. 632; Belding v. Ladd (Sup.) 7 N. Y. Supp. 379; Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773. The defendant urges that this case should be excepted from these rules because of the congested calendars in New York county.

In Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336, decided in this department, the venue was changed from Erie to New York county. Justice Spring, writing the opinion of the court, says:

"In this case it is conceded the transaction with Rabe occurred in the city of New York. It is also apparent the pith of this lawsuit is that transaction. A better illustration for giving effect to the rule that the trial should take place where the cause of action originated cannot be conceived than is developed by the affidavits on this motion. The principle invoked by the counsel for the respondent that the trial of an action will not be transferred from a rural county to the city of New York, where the calendars are congested, is hardly applicable to a motion to change from Erie county to New York. In any event, that principle is overborne by the obvious trend of the more recent authorities to locate the place of trial in the county where the chief disputed events happened."

The expressions of Justice Ingraham in Roberts v. Lansing, 60 App. Div. 81, 69 N. Y. Supp. 736, are to the same effect:

"In actions of this character the locality where the cause of action arose and the services were performed are important elements in determining the county in which the trial should be had, and by rule 48 of the general rules of practice it is expressly provided that these facts will be taken into consideration by the court in fixing the place of trial."

Justice Ingraham states the rule in Jacobs v. Davis, 65 App. Div. 145, 72 N. Y. Supp. 559:

"It has come to be recognized that, as a general rule, in transitory actions the case should be tried in the locality where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in a different locality."

The following cases are also applicable to this motion: Ballston Storage Co. v. Defeo, 67 App. Div. 341, 73 N. Y. Supp. 772; Woolworth v. Klock, 92 App. Div. 142, 86 N. Y. Supp. 1111; Rogers v. Butler, 71 App. Div. 613, 75 N. Y. Supp. 536. In each of these cases the venue was changed to the county where the transaction arose, and where all the witnesses, except plaintiff alone, lived. And upon the same facts venue was changed from Albany county to New York county in Harris v. Bradley, 55 App. Div. 206, 66 N. Y. Supp. 847. In Kavanaugh v. Mercantile Trust Co., 94 App. Div. 575, 88 N. Y. Supp. 113, a change of venue was denied from Saratoga to New York county. But it appeared that some of the witnesses for the moving party preferred to go to Saratoga rather than to New York, and some of the witnesses lived out of the state. The cause of action partly arose in Saratoga county. In Tuthill v. Long Island R. R. Co., 75 Hun, 556, 26 N. Y. Supp. 1029, a motion to change the place of trial from Orange county to Kings was de-

nied largely on the ground of the poor financial and physical condition of the plaintiff, and that many of his witnesses resided in his own town.    Hirshkind v. Mayer, 91 App. Div. 416, 86 N. Y. Supp. 836; Quinn v. Brooklyn Heights R. R. Co., 88 App. Div. 57, 84 N. Y. Supp. 738; Brink v. Home Ins. Co., 2 App. Div. 122, 37 N. Y. Supp. 628—are emphatic decisions of the Second Department that the place of trial will not be changed from the country to New York on the ground of the convenience of witnesses alone.    In these cases it was sought to change the place of trial from the counties in the immediate vicinity of New York and Kings counties.    It appeared that witnesses could go to the country place of trial with very little trouble or expense, and no inconvenience would result.

In this case the plaintiff seeks to bring the defendant and all the witnesses in the case to the remote county of Lewis.    The cause of action arose in New York.    The defendant and all the witnesses in the case except the plaintiff reside there.    I think these facts should control in this case, and the venue be changed from Lewis to New York county.    True, there may be some delay in reaching the case in New York, but that fact alone, under such circumstances as exist in this case, cannot be made a controlling principle.

Some objection is made to the defendant's affidavit of merits.    It states: "Deponent has fully and fairly stated his defense to said action and all the facts relative thereto to his counsel."    The defendant claims "thereto" refers to "action," and that "action" is synonymous to "case," so that the clause should be construed to read, "and all the facts relative to the 'action'—i. e., 'case.'"    See Bouvier's Law Dictionary and Black's Law Dictionary, sub verba "Case."    This is plainly what was intended, and the clause requires no very liberal construction to be so interpreted.    I think it comes fairly within the rule of Rickards v. Swetzer, 3 How. Prac. 413; Tompkins v. Acer, 10 How. Prac. 309; Fitzhugh v. Truax, 1 Hill, 644; Brownell v. Marsh, 22 Wend. 636; Code Civ. Proc. § 519.    The motion is granted, with $10 costs to abide the event.

Motion granted, with $10 costs to abide event.