### HARRISON v. HOLAHAN.

(Supreme Court, Appellate Division, First Department.   December 20, 1907.)

VENUE—CHANGE—CONVENIENCE OF WITNESSES.

In an action by an attorney for services rendered, the defendant is entitled to a change of venue to the county of his residence, where the services were rendered and where the majority of the witnesses reside.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

Appeal from Special Term, New York County.

Action by George C. Harrison against Thomas Holahan.   From an order refusing a change of venue, defendant appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and HOUGHTON, JJ.

James M. E. O'Grady, for appellant.
George C. Harrison, pro se.

HOUGHTON, J.   Plaintiff is a practicing lawyer in the city of New York.   The action is to recover the value of professional services, and the venue is laid in the county of New York.   The defendant is a resident of the county of Monroe, and he moved to change the place of trial to that county on the ground of convenience of witnesses.

The alleged retaining of plaintiff to perform the services sued for occurred in the county of Monroe, and all the services rendered by plaintiff were performed in that county, with the exception of writing a letter or two and having an interview with the president of the village of Brockport at plaintiff's office.   The locality in which the cause of action arises and the services are performed is an important element, on a motion to change for convenience of witnesses, in determining the county in which the trial should be had.   Roberts v. Lansing, 60 App. Div. 81, 69 N. Y. Supp. 736; Shaff v. Rosenberg, 116 App. Div. 366, 101 N. Y. Supp. 892.   The affidavits disclose a considerable number of witnesses on each side, whose testimony is more or less material.   It is manifest that the larger number of material witnesses reside in the county of Monroe.   Some witnesses whom it may become necessary for plaintiff to call also reside in that county.

The motion should have been granted.   The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.