(99 App. Div. 273)

### CHURCH et al. v. SWIGERT.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CHANGE OF PLACE OF TRIAL.
    Where the majority of the witnesses whose evidence will be material in the trial of an action involving breach of contract reside in the county of defendant's residence, and in which the contract was made and was to be performed, an action brought in the county of plaintiff's residence should be removed for trial to the county of defendant's residence.

Appeal from Special Term, New York County

Action by John D. Church and Little D. Church, as executrix of the estate of Samuel O. Church, deceased, against John G. Swigert. From an order denying a motion to change the place of trial from the county of New York to the county of Niagara, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Aaron C. Thayer, for appellant.
John A. Kamping, for respondents.

INGRAHAM, J. The action is for goods sold and delivered. The answer is a general denial, and for a separate defense and a counterclaim it alleges a contract by which the plaintiffs promised to sell the defendant three car loads of goods; that plaintiff delivered one car load, but failed to deliver the remainder; and demands an affirmative judgment against the plaintiffs.

¶ 1. See Venue, vol. 48, Cent. Dig. § 77.

The plaintiffs are residents of the county of New York, and the defendant a resident of the county of Niagara. The contract was made at Niagara, and was to be there performed, and this fact is to be considered in determining the place of trial. Rule 48 of the General Rules of Practice. While many of the witnesses who, it is stated in the affidavits, are to be called upon the trial, could quite clearly give no competent evidence, I am satisfied that a majority of the witnesses whose evidence will be material reside in the county of Niagara or an adjoining county, and, considering the place where the contract was made and was to be performed, I think the motion should have been granted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.