(112 App. Div. 487)

### HAYS et al. v. FAATZ REYNOLDS FELTING CO.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. VENUE—PLACE OF TRIAL.

The place where the transaction which is the subject of the action took place will have a controlling effect in determining the place of trial, as provided by general practice rule 48.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, § 21.]

2. SAME—CONVENIENCE OF WITNESS—EMPLOYÉS.

On an application for a change of the place of trial to subserve the convenience of witnesses, the convenience of witnesses in the employ of a party to the action is not generally given the same consideration as is given to witnesses whose attendance a party must procure to sustain his cause of action or defense.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

3. SAME—NUMBER OF WITNESSES.

Where, on an application for a change of venue to subserve the convenience of witnesses in an action for breach of warranty of goods sold, plaintiff showed a greater number of witnesses required than defendant, six of whom were not plaintiff's employés, while all of defendant's witnesses were employés, and the testimony of plaintiff's witnesses was as material as that expected to be given by defendant's witnesses, the burden of proof being on plaintiff, it was error to grant the change requested by defendant.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

Appeal from Special Term, New York County.

Action by Isaac M. Hays and others composing the firm of Hays, Levi & Co., against the Faatz Reynolds Felting Company. From an order changing the place of trial from New York to Broome county, plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Manfred W. Ehrich, for appellants.
Gerard Roberts, for respondent.

INGRAHAM, J. The plaintiffs reside in the city of New York and are engaged in business here. The defendant is a corporation with an office for the transaction of business in the city of New York. A contract was made in the city of New York between the plaintiffs and the defendant, by which the defendant agreed to sell and the plaintiffs to buy certain goods, which were subsequently delivered by the defendant to the plaintiffs in the city of New York. The plaintiffs claim that there was a breach of warranty, by which they sustained damage. After issue was joined the defendant moved to change the place of trial to Broome county upon an affidavit which stated that it had 13 witnesses to prove its defense in the action. All these witnesses appeared to be employés of the defendant corporation and resided in Broome county. In opposition to the motion the plaintiffs submitted an affidavit which alleged that they had 16 witnesses, 6 of whom were not employés of the plaintiffs. The plaintiffs thus show a greater number of witnesses than the defendant, and it would appear, from the statement of what these witnesses are expected to testify to, that the plaintiff's witnesses are as material as the defendant's. The contract was made in the city of New York. The transaction took place in the city of New York, and this fact is to be considered, and will have a controlling influence in determining the place of trial. Rule 48, General Rules of Practice; Church v. Swigert, 99 App. Div. 273, 90 N. Y. Supp. 939; Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558.

In determining a question of this kind, when a motion to change the place of trial is based upon the convenience of witnesses, the convenience of those witnesses in the employ of a party to the action is not generally given the same consideration as is given to witnesses who are not in his employ and whose attendance a party must procure to sustain his cause of action or defense. We must also consider the fact that the burden of proof is upon the plaintiff. The plaintiff is bound to prove that the goods delivered were not according to the contract; and if the plaintiff fails in this respect, testimony of the defendant's witnesses will not be necessary. In every aspect of this case, it would seem that the defendant failed to present to the court facts which sustained the finding that the convenience of the witnesses who will be necessary on the trial required that the place of trial be changed; and under these circumstances I think the learned court below was not justified in changing the place of trial.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

(112 App. Div. 648)

DONNELLY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

COSTS—SECURITY—APPLICATION—LACHES.

On a motion by defendant to require plaintiff to give security for costs, on the ground that plaintiff had been adjudged a bankrupt after issue joined, defendant was not obliged to show affirmatively diligence in discovering the bankruptcy.