SHAFF et. al. v. ROSENBERG.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

VENUE—CHANGE.

> Where it appears that a contract for the sale of goods was made in the county in which defendant lives, that the goods were delivered and examination made there, and that witnesses as to the contract and condition of the goods constituting a majority of the witnesses required in the case reside there, the venue of the action to recover the price should be changed from the county in which plaintiffs reside to the county in which defendant resides.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 68, 76.]

Appeal from Special Term, New York County.

Action by Louis M. Shaff and Samuel Barnett against Mathew Rosenberg. From an order denying motion for change of venue, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

P. D. Oviatt, for appellant.
E. W. Drucker, for respondents.

PATTERSON, P. J. This is an appeal from an order denying a motion to change the place of trial of this action from the county of New York to Monroe county. The application seems to have been made on the ground of the convenience of witnesses. The pleadings are not contained in the moving papers, but from the affidavits it would appear that the action is for goods sold and delivered on two alleged contracts of sale. As to one, the defendant admits liability, unless it

may be as to a credit for the amount of certain discount to which he claims he was entitled for the goods embraced in that cause of action. As to the second cause of action, the defense is that goods were sent to the defendant which did not correspond with the samples by which they were sold.

It seems that the plaintiffs are merchants in New York City and the defendant is a dealer in clothing in Rochester, Monroe county. The contracts, whatever they were, were made by an agent or salesman of the plaintiffs at Rochester. The goods were delivered at Rochester. The examination thereof was made at Rochester. The witnesses having cognizance of what their contracts were and of what the condition of the goods was reside at Rochester. Both the plaintiffs and the defendant in their affidavits name quite a number of witnesses whom they say will testify to the condition of the goods and what they were—on the one side, that they did correspond to the order given by the defendant; and, on the other, that they did not. But it is perfectly obvious that neither side requires more than two or three witnesses to that issue. It is quite apparent that the whole of the transaction having taken place at Rochester, and the greater number of witnesses required in the case residing there, the action should be tried there.

The order should be reversed, with $10 costs, and disbursements and the motion to change the venue granted, with $10 costs. All concur.

---

## In re HIRSCH'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. REFEREES—RECEPTION OF EVIDENCE—DEPOSITIONS—SIGNATURE OF WITNESSES—WAIVER.

　　An objection to the reception of testimony taken before a referee not subscribed by witnesses, as required by the general rules of practice, was waived where the parties submitted the questions in dispute to the referee upon the unsigned depositions of witness without calling the attention of the referee to the defect or in any way insisting upon the right to have them signed.

2. TRUSTS—ADMINISTRATION OF TRUST ESTATES—INVESTMENTS—SPECULATIONS.

　　3. SAME—GOOD FAITH OF TRUSTEE.

　　The good faith of a trustee does not excuse his action in devoting the property of a trust estate to the continuance of a speculation begun by decedent.

4. SAME—TESTAMENTARY TRUSTEES—REMOVAL—GROUNDS—REVOCATION OF LETTERS TESTAMENTARY.

　　Where the executor and trustee of an estate greatly depreciated the property thereof by unauthorizedly continuing speculations begun by decedent, caused himself to be elected president of a corporation of which the estate owned the majority of the stock at a salary of $12,000 a year, and,