BRODY et al. v. C. A. WEED & CO.

(Supreme Court, Appellate Division, First Department.  April 22, 1910.)

VENUE (§ 52*)—CHANGE—CONTRACT ACTIONS.

The action was for goods sold, and the defense was breach of warranty and return of the goods, which are stored in Buffalo, Erie county.  Each party has a large number of witnesses whose testimony is claimed to be material, and claims that the cost of transporting his witnesses from Erie county to New York, where the action was brought, or vice versa, will be more than the amount involved.  *Held*, that as there was no such preponderance of material witnesses that a motion to change venue could be decided upon that ground, in view of the fact that the contract was made in Erie county and the goods are stored there, the case should be transferred to that county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Jacob Brody and another, copartners doing business as Brody & Hoffberg, against C. A. Weed & Co.  From an order denying a motion to change the venue, defendants appeal.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Albert Ritchie, for appellants.
Jacob Manheim, for respondents.

SCOTT, J.  Appeal from order denying motion to change the place of trial.  The action is for goods sold and delivered.  The defense is a breach of warranty and rejection of the goods, which are now stored in Buffalo.  The principal issue is as to the quality of the goods.  Each side presents a long list of witnesses, whose evidence is claimed to be material and necessary, and each side claims that the cost of transporting its necessary witnesses from New York to Buffalo, or vice versa, will cost more than the whole amount involved in the action.

The case, however, must be tried somewhere, and one party or the other must be subjected to this expense.  There is no such preponderance of apparently necessary witnesses that the motion can be decided upon that ground alone.  Under these circumstances, the fact that the contract was made in Buffalo, and that the goods whose quality is in dispute are stored in that city, indicates Erie county as the proper place of trial.  Shaff v. Rosenberg, 116 App. Div. 366, 101 N. Y. Supp. 892; Denzer v. Grewen, 133 App. Div. 706, 118 N. Y. Supp. 230; Wallace v. Manning, 130 App. Div. 894, 114 N. Y. Supp. 972.

Order appealed from reversed, with $10 costs and disbursements, and motion to change place of trial to Erie county granted.  All concur.