NEIMAN et al. v. GARDNER.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

VENUE (§ 52*)—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.

Where an action on a contract of sale, executed in the county of the residence of the buyer and calling for performance there, was brought in the county of the residence of the seller, and the issues were whether the goods were delivered to the buyer, and, if so, at the time called for by the contract, and it was obvious the most of the witnesses would be from the county of the buyer, the place of trial should be changed to such county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Samuel Neiman and another against Barney Gardner. From an order denying a motion to change the place of trial, defendant appeals. Reversed.

See, also, 129 N. Y. Supp. 1136.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James O. Sebring, for appellant.
William J. Carey, for respondents.

McLAUGHLIN, J. The plaintiffs are engaged in business in the city of New York, and the defendant at Hammondsport, Steuben county, N. Y. On the 19th of May, 1909, one of the plaintiffs went to the defendant's place of business and obtained from him the following order (except the numbers, sizes, and prices) for children's clothing:

Order No.　　　　　　　　　　　　　　　　　　　　　May 19, 1909.
M.............: Ship to B. Gardner, Hammondsport, N. Y. How Ship: Erie. When: Oct. 1st. Terms: Nov. 1st, 7/10, 5/30, 4/60.

Action was brought, the venue being laid in the county of New York, to recover the price alleged to have been agreed upon at the time the order was given. The answer admits the giving of the order, and alleges that the terms of the same were not complied with by the plaintiffs; that they neglected and refused to deliver the clothing on or before the 1st of October, 1909, and made no attempt to deliver the same until after October 15th of that year, and that the same were never, in fact, delivered to defendant, and that he has never received or accepted the same. After issue had been joined, the defendant, for the convenience of witnesses, moved to change the place of trial from the county of New York to the county of Steuben. The motion was denied, and he appeals.

The contract was made in Steuben county, and the goods were, according to the order, to be there delivered. The principal issues to be tried—in fact, substantially the only issues—are (1) whether the goods were ever delivered to the defendant at all; and (2) if so, whether at the time called for by the order. Upon these issues it is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

129 N.Y.S.—58

perfectly obvious the witnesses must be largely obtained in Steuben county. This, taken in connection with the·fact that the transaction arose in that county, was sufficient to require that the trial should be there had. Brody v. Weed & Co., 137 App. Div. 754, 122 N. Y. Supp. 625; Shaff v. Rosenberg, 116 App. Div. 366, 101 N. Y. Supp. 892; Denzer v. Grewen, 133 App. Div. 706, 118 N. Y. Supp. 230.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

CARRIZZO v. NEW YORK, S. & W. R. CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1911.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence under a proper submission of the issues is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3935; Dec. Dig. § 1002.*]

2. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In a suit against a carrier for the value of car load freight which the carrier held for demurrage, instructions ignoring the carrier's claim that performance of its duty to furnish opportunity to unload was defeated by the consignee's fault in failing to clear his private track were erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from Trial Term, Kings County.