UPJOHN et al. v. FIRST METHODIST EPISCOPAL SOCIETY OF HOMER VILLAGE.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

1. VENUE (§ 46*)—CHANGE OF VENUE.

Where plaintiffs living in different counties had the option of bringing an action where either of them resided, or where the defendant resided, but instead sued in another county, defendant had the right, over the objection of plaintiffs, to have the venue changed to the county of, its residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 68; Dec. Dig. § 46.*]

2. VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where architects sued for breach of contract in a county other than where defendant resided, defendant was entitled to have the venue changed to the county of its residence for convenience of witnesses; a contract, if made, being made in defendant's county, and the greater number of material witnesses residing in that county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Hobart B. Upjohn and another against the First Methodist Episcopal Society of Homer Village, N. Y. From an order changing the place of trial, and from an order denying a motion to change the place of trial, defendant appeals. Order changing the place of a trial reversed and motion to change the place of trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Mr. Rowland L. Davis, of Cortland, for appellant.

Mr. William W. Robison, of New York City, for respondents.

McLAUGHLIN, J. The plaintiffs, as architects, bring this action to recover damages for an alleged breach of contract by which they were employed to prepare drawings and specifications for and to superintend the erection of a church building for the defendant at Homer, Cortland county, N. Y. One of the plaintiffs resides in the county of Westchester; the other in the county of Queens. The defendant is a religious corporation located at Homer, Cortland county. The plaintiffs laid the venue in the county of New York, and the defendant made the necessary demand that the place of trial be changed to Cortland county as the proper county. After the demand had been served, the plaintiffs moved that the place of trial be changed from New York to Queens county. The defendant opposed the motion and asked that it be changed from New York to Cortland county, not only as the proper county, but also for the convenience of witnesses. Plaintiffs' motion to change to Queens county was granted. Defendant's motion was denied, and it appeals from both orders.

[1] When the action was commenced, the plaintiffs had the option to fix the place of trial in a county where either of them resided, or in the county where the defendant resided. It, however, did not see

fit to exercise this option, but, on the contrary, fixed the place of trial in the county of New York, where none of the parties resided. The defendant then exercised the right which it had under the statute (section 986, Code of Civil Procedure) of demanding that the place of trial be changed to Cortland county. It could not thereafter be deprived of this right by changing to a county in which one of the plaintiffs resided. It was so held in Rector v. Ridgwood Ice Co., 38 Hun, 293, affirmed 101 N. Y. 656, and Loretz v. Metropolitan St. R. R. Co., 34 App. Div. 1, 53 N. Y. Supp. 1059.

[2] The motion to change from New York to Cortland county should also have been granted for the convenience of witnesses. The contract, if made at all, was made in Cortland county. The services, or the greater part of them, were there to be rendered. The plaintiffs' cause of action, if they have one, there arose. These facts are to be taken into consideration in fixing the place of trial. Rule 48, General Rules of Practice. Besides, it is perfectly obvious from the papers used upon the motion that the greater number of material witnesses reside in and must be obtained in that county. Jacobson v. German American Button Co., 124 App. Div. 251, 108 N. Y. Supp. 795; Pinkus v. United Cloak & Suit Co., 124 App. Div. 335, 108 N. Y. Supp. 932; Schulz v. Hudson Valley R. Co., 147 App. Div. 788, 131 N. Y. Supp. 995. See, also, Harrison v. Holahan, 122 App. Div. 740, 107 N. Y. Supp. 741; Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558.

The orders appealed from are reversed, with $10 costs and disbursements; the motion to change the place of trial from New York to Queens county is denied, with $10 costs; and the motion to change the place of trial from New York to the county of Cortland is granted, with $10 costs. All concur.