### FOX et al. v. BERNSTEIN et al.

(Supreme Court, Special Term, Erie County.   April 17, 1916.)

VENUE ☞52(1)—CHANGE—GROUNDS—CONVENIENCE OF WITNESSES.

An action on three written contracts, one made in the county in which the action was brought and the other two in another county, where all three were to be performed, and where the breach, if any, occurred, and in which the greater number of competent and material witnesses resided, should be transferred for trial to the latter county, on the ground that the convenience of witnesses will be subserved thereby, since a transitory action should generally be tried in the locality where the transaction involved in the controversy took place.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. ☞52(1).]

Action by Morris Fox and another against Samuel Bernstein and others, doing business under the firm name and style of S. Bernstein & Son. On motion for change of venue. Motion granted.

Brown & Boskey, of New York City (Simon Fleischmann and Basil H. Robillard, both of Buffalo, of counsel), for the motion.
Frederick Ullman, of Buffalo, opposed.

BISSELL, J. The action is based upon three written contracts relating to the purchase by the plaintiffs from the defendants of certain merchandise consisting of woolen rags for shipment from New York to England. One of the contracts was made in the city of Buf-

falo and the two others in the city of New York. The place of performance of all three of the contracts was in the city of New York, and the breach thereof, if there was a breach, as alleged in the complaint, was in the city of, New York.

There is a sharp issue in the papers as to who broke the contracts. There is another issue as to the duties of the parties; the plaintiffs claiming that the defendants were obliged to ship the merchandise on the first available. steamer, and the defendants contending that the plaintiffs were obliged, in accordance with the usual custom, to furnish to the defendants shipping room upon some steamer. It is apparent that the transaction upon which this action is brought occurred in New York county, and that the cause of action, either in plaintiffs' or defendants' view of the case, arose in New York county.

"It has become to be recognized that, as a general rule in transitory actions, the case should be tried in the locality where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in a different locality." Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558; Church v. Swigert, 99 App. Div. 273, 90 N. Y. Supp. 939; Spanedda v. Murphy, 144 App. Div. 58,'128 N. Y. Supp. 884; Neiman v. Gardner, 145 App. Div. 197, 129 N. Y. Supp. 913.

A careful analysis of the testimony that it is' claimed by the papers used on the motion will be given by the witnesses sworn by the respective parties on the trial leads me to the conclusion that the greater number of competent and material witnesses reside in, and must be obtained in, New York county. Upjohn v. Methodist Episcopal Church, 156 App. Div. 147, 140 N. Y. Supp. 1104.

The motion to change the venue of this action from Erie county to New York county, upon the ground that the convenience of witnesses will be subserved thereby, is granted, with $10 costs to the defendants.