Lester Holtzman, J.
Defendants move for an order changing the place of trial of this action from the Supreme Court, County of New York, to this court. Plaintiff cross-moves to change the venue to the Supreme Court, Bronx County.
This action was commenced in the Supreme Court, New York County. Plaintiff now concedes that the action was brought in the wrong county. The papers disclose that plaintiff resides in Queens County and the defendants have a place of business in Bronx County or reside in Connecticut.
A plaintiff, once having exercised his first original right to specify venue, may not thereafter interfere with a defendant’s election to change venue as a matter of right from an improper county to a proper county. In Upjohn v. First Methodist Episcopal Church Soc. (156 App. Div. 147, 148-149) the court held: ‘ ‘ When the action was commenced the plaintiffs had the option to fix the place of trial in a county where either of them resided, or in the county where the defendant resided. It, however, did not see fit to exercise this option, but on the contrary, fixed the place of trial in the county of New York, where none of the parties resided. The defendant then exercised the right which it had under the statute (Code Civ. Proc., § 986) of demanding that the place of trial be changed to Cortland county. It could not thereafter be deprived of this right by changing to a county in which one of the plaintiffs resided.”
Defendants in this action have exercised their rights pursuant to subdivisions (a) and (c) of section 503, subdivision 1 of section 510 and rule 511 of the Civil Practice Law and Buies. Accordingly, defendants ’ motion is granted and plaintiff’s cross motion is denied.