(March 26, 1973)

■ In the Matter of the Estate of MODESTO CARRERA, Also Known as MODESTO CARREIRA, Deceased. UNITED STATES OF AMERICA, Appellant; PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK et al., Respondents.— Decree of the Surrogate's Court, New York County, entered July 30, 1971, so far as appealed from directing that the share of the decedent's estate payable to Manuela Carreira Lopez be paid to the Treasurer of the City of New York, unanimously affirmed, without costs and without disbursements. If the share of the estate payable to Manuela Carreira Lopez should eventually be deemed abandoned property, such moneys should escheat to the United States of America. Concur — Stevens, P. J., Kupferman, Lane, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN P. BAUER, Appellant.— Judgment, Supreme Court, New York County, rendered September 27, 1971, convicting defendant after trial, upon a jury verdict, of attempted eavesdropping and sentencing him to imprisonment for a term of six months, unanimously modified, in the exercise of discretion, by reducing the sentence to a term of 60 days, and as so modified, the judgment is affirmed. In our opinion, under the circumstances of this case, the sentence was excessive to the extent indicated. The case is remitted to the Criminal Term, Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed. (CPL 460.50, subd. 5.) Concur — Stevens, P. J., Markewich, Nunez, Murphy and Lane, JJ.

■ OAKPOINT INDUSTRIAL PARK, INC., Respondent, v. AMERICAN HOME ASSURANCE COMPANY et al., Appellants, and FRANKLIN NATIONAL BANK, Defendant.— Order, Supreme Court, New York County, entered October 13, 1972, unanimously reversed, on the law and the facts, and plaintiff-respondent's motion to change venue to Nassau County denied. Appellants shall recover of respondent $40 costs and disbursements of this appeal. The stay granted by order of this court entered on January 25, 1973 is vacated. Plaintiff, having commenced the action in New York County, with which it has no connection, sought transfer to secure a trial preference. Defendants-appellants are quite content to remain in New York, having places of business in the county. Plaintiff, having elected the venue, must now yield to defendants' convenience as to place of trial. (See *Upjohn* v. *First Methodist Episcopal Soc.*, 156 App. Div. 147; *Schenker* v. *Pepperidge Farm*, 42 Misc 2d 380.) Concur — Stevens, P. J., Markewich, Nunez, Murphy and Lane, JJ.

■ In the Matter of JEROME AUTO SALES, INC., Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Determination of respondent Commissioner of Motor Vehicles, dated November 9, 1971, suspending petitioner's dealer and transportation registration for 30 days, unanimously annulled, on the law, and the proceeding remanded to respondent to reopen the hearing and to make and state findings upon which such administrative discipline is based, without costs and without disbursements. So far as is apparent, there having been no findings, the penalty of suspension was imposed solely upon the mere fact of falsity. This bare conclusion, without stating the basis therefor, does not afford petitioner an opportunity to challenge the ruling against it. (See *Matter of Elite Dairy Prods.* v. *Ten Eyck*, 271 N. Y. 488.) Concur — Stevens, P. J., Markewich, Nunez, Murphy and Lane, JJ.