### SPANEDDA v. MURPHY et al.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where the contract sued on was made and was to be performed in the county of defendants' residence, and most of the witnesses resided there, it was error to refuse defendants' motion to change the venue to that county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Salvatore Spanedda against John Murphy and another. From an order denying a motion to change the place of trial, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

George M. Palmer, for appellants.

Samuel F. Frank, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J.   Action to recover damages for breach of a contract; the venue being laid in the county of New York.   The complaint alleges that in May, 1910, the defendants promised and agreed that in consideration of the plaintiff's paying the transportation and expenses of 25 laborers, and as many more as might be needed during the course of certain work which the defendants had contracted to do in Schoharie county, N. Y., and also paying to the defendants the sum of $150, for the erection of a certain building, they would grant to the plaintiff the exclusive right to maintain the building upon their property, for the purpose of boarding and lodging laborers employed by the defendants, and selling them such necessaries as they might require during the term of the agreement; that plaintiff, relying upon the agreement, furnished 130 laborers and paid out some $400 for their transportation; that he also paid the stipulated price for the erection of the building, and was at all times ready and willing to carry out the agreement upon his part, but that the defendants wholly failed to perform the agreement; that they forcibly removed him from the building, and caused him to leave 'the locality where the work referred to was being carried on, by reason of which he has sustained damage to the amount of $5,000.

The answer admits that the defendants made a contract with the plaintiff, but denies that they made the one alleged, and then alleges, affirmatively, that the plaintiff did not keep his contract, and that the men whom he furnished struck, refused to work, and prevented others from working, by reason of which fact riots occurred; that one of the men furnished shot one of the defendants in the hand, and one of them shot and killed a man by the name of Wilty; that, by reason of their insubordination, defendants compelled them to leave; and that the plaintiff, of his own volition, went away and voluntarily surrendered the contract which he had with the defendants.

After issue had been joined, the defendants moved to change the place of trial from the county of New York to the county of Schoharie.   The motion was denied, and they appeal.

The contract was made in the county of Schoharie; it was there to be performed; any failure to carry out its terms took place in that county, where both of the defendants reside; and it is obvious that most of the witnesses must necessarily be obtained in that locality. This being so, I think the trial should take place in that county.   The general rule is that, in transitory actions, the action should be tried in the county where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in another county.   Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558; Lutfy v. Sullivan, 119 App. Div. 506, 104 N. Y. Supp. 177; Harrison v. Holahan, 122 App. Div. 740, 107 N. Y. Supp. 741; Studebaker Bros. Co. v. W. N. Y. & P. Traction Co., 140 App. Div. 308, 125 N. Y. Supp. 224.

It is suggested that a fair trial cannot be had in Schoharie county, by reason of the prejudice against the plaintiff.   The facts set out in the record do not sustain such contention, nor do I think there is any basis for it.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to change the place of trial from the county of New York to the county of Schoharie granted, with $10 costs. All concur.