RED HOOK LIGHT & POWER CO. v. RIGHTMYER.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

    Where a contract sued on is to be performed in the county of the defendant's residence where the transactions arose, the action should be tried in that county, unless the greater number of witnesses live in another county.

    [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Red Hook Light & Power Company against J. Clarence Rightmyer. From an order denying a motion to change the place of trial, defendant appeals. Reversed, and motion granted.

See, also, 146 App. Div. 934, 131 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

John L. Crandell, of Hudson (John Edward Ruston, of Hudson, on the brief), for appellant.

Thomas P. Peters, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order denying defendant's motion to change, for the convenience of witnesses, the place of trial from New York county to Columbia county. The action is brought to recover damages for the alleged breach of a contract to do rock drilling for the plaintiff in Columbia county. The damages claimed are $6,000, for which judgment is demanded. The answer admits the making of the contract, denies that the plaintiff performed on its part, and as a separate defense and by way of counterclaim alleges that the defendant has sustained damages to the amount of $500 by reason of the plaintiff's failure to keep the pit or excavation where the drilling was to be done dry and free from water, which, it is claimed, the plaintiff had agreed to do. The contract was to be performed in Columbia county. Substantially all the matters involved in, or connected with, the plaintiff's alleged cause of action, as well as the defendant's alleged counterclaim, arose in that county, where the defendant resides.

It is obvious from the papers presented that, upon the trial of the issues raised, most of the witnesses must be obtained in that county where they reside. Under such circumstances, the general rule should be applied, which is that in transitory actions the issues should be tried in the county where the transactions involved in the controversy took place, unless the greater number of witnesses live in another county. Spanedda v. Murphy, 144 App. Div. 58, 128 N. Y. Supp. 884; Fluckiger v. Haber, 144 App. Div. 65, 128 N. Y. Supp. 739.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.