## KAUFMAN v. KAUFMAN.

(Supreme Court, Appellate Division, First Department.   July 11, 1912.)

VENUE (§ 52*)—CHANGE OF VENUE—GROUNDS—CONVENIENCE OF WITNESSES.
    Where plaintiff sued to set aside a separation agreement made in R.
    county, where both parties then resided, and where defendant continued
    to reside, and it appeared that the greater number of witnesses on whose
    testimony would depend the question whether plaintiff was coerced to
    sign the agreement by fraud resided in R. county, the venue should be
    changed to that county.
        [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec.
    Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Anna Kaufman against John Kaufman.   From an order
denying a motion to change the place of trial for the convenience of
witnesses, defendant appeals.   Reversed and motion granted.

See, also, 135 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
MILLER, and DOWLING, JJ.

Charles I. Webster and H. Louis Jacobson, both of Troy, for ap-
pellant.

Clifford S. Bostwick, of New York City, for respondent.

PER CURIAM.   Action to set aside a separation agreement on the
ground that the plaintiff was induced to execute the same by coercion
and fraud practiced upon her.

The agreement was drawn in Rensselaer county, where both parties
then resided, and where the defendant still resides.   Whether the
plaintiff were coerced into signing the agreement by reason of fraud
practised upon her will, from the facts presented, have to be deter-
mined largely from witnesses residing in Rensselaer county.   The
greater number of witnesses there reside, and for the reasons stated
in Kaufman v. Kaufman, 136 N. Y. Supp. 592 (decided herewith),
the order appealed from should be reversed, and the motion to change
the place of trial from the county of New York to the county of
Rensselaer granted, without costs.