## KAUFMAN v. KAUFMAN.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES—ACTION FOR SEPARATION.

Plaintiff sued her husband for separation for cruel and inhuman treatment, which took place in R. county while they were living together. Defendant pleaded a general denial and a separation agreement as an affirmative defense. They were married January 10, 1910, and from that time until they were separated resided in R. county, where defend-

ant continued to reside, and it appeared that the greater number of witnesses on the trial must be obtained in that county. *Held*, that defendant was entitled to have the venue changed to R. county under the rule that in transitory actions the trial should be had in the county where the transaction took place, unless the greater number of witnesses reside in another county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Anna Kaufman against John Kaufman for separation. From an order denying a motion to change the place of trial for convenience of witnesses, defendant appeals. Reversed and motion granted.

See, also, 135 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles I. Webster and H. Louis Jacobson, both of Troy, for appellant.

Clifford S. Bostwick, of New York City, for respondent.

PER CURIAM. Action for a separation on the ground of cruel and inhuman treatment. Answer a general denial, and an affirmative defense that prior to the commencement of the action the parties had entered into a separation agreement to live separate and apart, under the terms of which defendant paid the plaintiff $1,500. After issue had been joined defendant moved, for the convenience of witnesses, to change the place of trial from the county of New York to the county of Rensselaer. The motion was denied, and he appeals.

The parties were married on the 10th of January, 1910, and from that time until they separated resided at Troy, N. Y., where the defendant still resides. The fact was not denied that, after the separation agreement was entered into to live separate and apart, the defendant paid to plaintiff the sum of $1,500. The cruel and inhuman treatment complained of took place in Rensselaer county while they were living together. It clearly appears from the moving papers that upon the trial of the issue the greater number of witnesses must be obtained in Rensselaer county. The acts complained of having taken place in that county, and those being the only ones for which a separation is asked, the general rule should be applied, viz., that in transitory actions the trial should be had in the county where the transactions involved in the controversy took place, unless the greater number of witnesses reside in another county. Spanedda v. Murphy, 144 App. Div. 58, 128 N. Y. Supp. 884.

The order appealed from is therefore reversed, and the motion granted, without costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes