BROSKY v. HALLOCK.   (No. 6576.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

VENUE (§ 46*)—CHANGE OF PLACE OF TRIAL—GROUNDS.

Where, in an employé's action brought in N. county for injuries sustained in G. county, where defendant resided, the papers moving to change the place of trial to G. county for the convenience of witnesses showed that there were at least 11 necessary witnesses, all residents of that county, and no affidavits were presented in opposition thereto, it was error to deny the motion.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 68; Dec. Dig. § 46.*]

Appeal from Special Term, New York County.

Action by John Brosky against Charles D. Hallock. From an order denying a motion to change the place of trial for the convenience of witnesses, defendant appeals. Reversed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

John L. Fray, of Catskill, for appellant.
Edward F. Lindsay, of New York City, for respondent.

McLAUGHLIN, J. The defendant, a resident of Greene county, employed the plaintiff to work in a sawmill there located, and while thus engaged he sustained personal injuries. He brought this action, the venue being laid in the county of New York, to recover the dam-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages alleged to have been sustained, on the ground that the same were caused by defendant's negligence. After issue was joined, defendant moved to change the place of trial to Greene county for the convenience of witnesses.

The moving papers showed there were at least 11 necessary and material witnesses, all residents of that county. Notwithstanding no affidavits were presented on behalf of the plaintiff in opposition, the motion was denied. I think the motion should have been granted. The cause of action arose in Greene county. All of the witnesses, unless it be the plaintiff himself, reside in that county. Such facts brought the case within the general rule, which is that transitory actions should be tried in the county where the transaction involved in the controversy took place. Kaufman v. Kaufman, 152 App. Div. 100, 136 N. Y. Supp. 592; Van Alstine v. Burt, 151 App. Div. 81, 135 N. Y. Supp. 779; Fluckiger v. Haber, 144 App. Div. 65, 128 N. Y. Supp. 739.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.