WOODLAND LUMBER AND MANUFACTURING COMPANY, Respondent, v. JOSEPH M. BARNETT and Others, as Copartners, etc., Appellants.

Second Department, December 13, 1918.

Trial — change of venue — transitory action — convenience of witnesses — when delivery of goods to carrier constitutes delivery to buyer.

Where in an action by a wholesale lumber dealer engaged in business in Kings county, to recover damages for defendants' refusal to deliver a balance of lumber purchased under contract, it appears that the details of the contract were arranged between plaintiff's agent and defendants

either in Warren county or in the adjoining county of Essex; that the written orders called for delivery by defendants in Essex county; that the direction to defendants was to " ship to " the plaintiff " at " Brooklyn and the price agreed on was " on cars Westport," which is in Essex county, it must be held that the entire controversy arose in Essex county and that the measure of damages depends upon the conditions existing there, and, hence, the defendants' motion to change the place of trial from the county of Kings to the county of Essex should be granted, having in mind the convenience of witnesses and the ends of justice, although the plaintiff states that he expects to call fifteen lumber dealers, most of whom reside in Kings county, to prove the market price of the lumber.

Under subdivision 1 of section 127 of the Personal Property Law, the delivery of the lumber " on cars Westport " constituted a delivery to the buyer.

Transitory actions should be tried in the county where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in another county.

APPEAL by the defendants, Joseph M. Barnett and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of September, 1918, denying their motion to change the place of trial from the county of Kings to the county of Essex.

*Joseph A. Kellogg* [*Harry J. Ahlheim* with him on the brief], for the appellants.

*Charles Soble,* for the respondent.

KELLY, J.:

The plaintiff is engaged in the wholesale lumber business in Brooklyn, Kings county. On or about June 6, 1917, one Purcell, an employee of plaintiff, called at defendants' place of business at Glens Falls in Warren county, for the purpose of purchasing lumber, with the result that two written agreements or orders were signed which are attached to the complaint, whereby defendants agreed to sell to the plaintiff certain lumber therein specified. The agreements or orders contained directions to defendants to ship the lumber to plaintiff at Brooklyn, N. Y., and the price agreed upon was in one order " Price 32.00 per M on cars Westport, N. Y.," and in the other " Price on cars 25.00 Westport." Westport is a

railroad station in Essex county which adjoins Warren county, and it is alleged in the complaint that defendants transact business at Ticonderoga in that county as well as at Glens Falls. Plaintiff complains that thereafter the defendants in one case " shipped to plaintiff," and in the other " sold and delivered to plaintiff," a part only of the lumber purchased, and that defendants have refused to deliver the balance, to plaintiff's damage. Defendants' answer substantially admits the signing of the contract or order and the delivery of the lumber as alleged in the complaint, but pleads that thereafter the contract was rescinded and abandoned by mutual consent. Defendants allege non-performance on the part of plaintiff, and counterclaim for a balance due for lumber actually delivered.

After issue joined, the defendants moved under the Code of Civil Procedure, section 987, subdivision 3, for a change of venue from Kings to Essex county, upon the ground that all the transactions of every kind and nature had between the parties and which are the foundation of the action occurred in Essex county; that plaintiff came voluntarily to that county to deal with defendants who reside and do business there or in the adjoining county of Warren; that the orders were written, signed and delivered there, and provided for the delivery of the lumber at Westport in Essex county. Defendants allege that the alleged breach of the agreements occurred in Essex county, and that if plaintiff is entitled to recover it must show that the market value of the lumber at Westport at the time of the breach was more than the price fixed in the orders. They allege that they expect to prove the rescission and abandonment of the contract by one Cantin, a barber residing and doing business in Elizabethtown in Essex county, who is said to have overheard a conversation between plaintiff's representative Purcell and defendant Barnett in which the contract was abandoned. Defendants allege that at the time of the alleged breach there was an available market supply of lumber at Westport at a price less than agreed upon between plaintiff and defendants, and they give the names of nine witnesses residing at Westport or in neighboring localities in Essex county, who, they say, they intend to call upon the trial. The plaintiff, replying to the moving affidavit, denied that the

contract was made in Essex county, asserting that when plaintiff's representative called on defendants at Glens Falls, he had no authority to conclude the contract; that he entered into the contracts or gave the orders subject to ratification by the plaintiff, and thereafter sent them by mail to Brooklyn, where plaintiff " ratified the said contract and so notified the defendants." Plaintiff says that the place of delivery of the lumber was in the county of Kings, " as shown by the said agreements; " that Purcell had no authority to waive or abandon the contracts, and that to prove the market prices of the kind of lumber " contracted for at Westport, New York, for delivery in Brooklyn  *  *  *  F. O. B. Westport, New York, for delivery in New York," plaintiff expects to call fifteen lumber dealers, all of whom reside in the city of New York, most of them in Kings county. Purcell, plaintiff's agent who made the contract, is said to reside in the borough of The Bronx. The learned justice at Special Term, in denying defendants' motion to change the place of trial, said that he doubted whether any trial court would permit so large a number of witnesses to testify on market conditions and value at Westport; that probably two or three witnesses on each side would be found sufficient, and that no hardship would be inflicted on defendants if required to await trial in Kings county in May, 1919, rather than an earlier trial which might be had in Essex county.

" In transitory actions, the action should be tried in the county where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in another county." (*Spanedda* v. *Murphy*, 144 App. Div. 58; *Fluckiger* v. *Haber*, Id. 65; *Brosky* v. *Hallock*, 165 id. 970; *Studebaker Brothers Co.* v. *W. N. Y. & P. Traction Co.*, 140 id. 308; *Harrison* v. *Holahan*, 122 id. 740; *Van Alstine* v. *Burt*, 151 id. 81; *Cole* v. *Ocean A. & G. Corp., Ltd.*, 179 id. 442.) In this case the details of the contract were arranged between plaintiff's agent, Purcell, and defendants, either at Glens Falls in Warren county or at Ticonderoga in the adjoining county of Essex. The plaintiff's vice-president says that plaintiff thereafter " ratified " what its agent had done. The written orders or agreements clearly called for delivery by defendants at Westport in Essex county. The direction

to defendants is to " *ship to* " the plaintiff " *at* " Brooklyn, and the price agreed on is " on cars Westport." Under the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], § 127, subd. 1, as added by Laws of 1911, chap. 571): " Where, in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the buyer, except in the cases provided for in section one hundred, rule five, or unless a contrary intent appears." The transaction in the case at bar is not within the exception, and the intent of the parties appears to have been in exact accordance with the statute. If there was any breach of the contract, it was at the place at which defendant agreed to deliver. It seems to us that this entire controversy arose in Essex county, and that county is the proper locality for the trial of the action, having in mind the governing principle announced by the court in the cases cited, the convenience of witnesses and the ends of justice. (Code Civ. Proc. § 987.) The plaintiff voluntarily went to the defendants and made the agreements in the form alleged, the alleged breach occurred there, the measure of damages depends upon conditions existing there and the entire subject-matter obviously belongs in that locality. It follows that the order must be reversed.

The order denying motion to change place of trial should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

JENKS, P. J., MILLS, RICH and JAYCOX, JJ., concurred.

Order denying motion to change place of trial reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.