(65 App. Div. 144.)

JACOBS et al. v. DAVIS.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

CHANGE OF VENUE.

　　A member of a partnership employed plaintiffs to sell their stock of clothing, which was located at K., and desired an advance on the goods. Plaintiffs accordingly sent their representatives to K. The stock was examined, boxed up, and delivered to them, and the advances made. Thereupon the partner drew all the firm money, including the amount advanced, and absconded. The goods were placed in a car directed to plaintiffs. Subsequently the firm was adjudged bankrupt, and defendant was appointed trustee, and obtained possession of the goods from the railroad before shipment. Held, in an action brought in another county to recover the goods, that it was error to deny a change of venue for convenience of witnesses to the county in which K. was located.

Appeal from special term, New York county.

Action by Charles Jacobs and another against Charles Davis, as trustee of Harry R. Marcuse and another, bankrupts. From an order denying a change of venue, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. W. Searing, for appellant.
Emanuel J. Myers, for respondents.

INGRAHAM, J. The action was brought to recover the possession of certain personal property situated at Kingston, Ulster county, N. Y. The defendant moved to change the place of trial to that county on the ground of the convenience of witnesses. The affidavit submitted by one of the plaintiffs in opposition to this motion discloses the circumstances under which the plaintiffs claim a lien upon and right to possession of this property. From that affidavit it appears that the cause of action arose at Kingston; that the transactions took place there; that the property to recover the possession of which this action was brought is located there, and is there held by the defendant, as trustee in bankruptcy. It seems that a firm of Marcuse & Middagh were in business in Kingston, and that on the 14th day of December, 1900, Marcuse, a member of that firm, employed the plaintiffs to sell, as auctioneers, certain personal property, consisting of their stock of clothing, which was located at Kingston, and desired the plaintiffs to make an advance to him upon such goods. The plaintiffs declined to make such an advance until they had examined the goods and received possession of them, and it was then agreed that the plaintiffs should send their representatives to Kingston to examine the stock, and, if found correct, to make the advances desired. In pursuance of this agreement, on the 17th day of December, 1900, the plaintiffs gave their representatives the sum of $2,750, with instructions to proceed to Kingston, and make the inspection, and, if found correct, upon receiving the goods under consignment, to make the advances, and ship the goods to the city of New York. The plaintiffs' representatives thereupon proceeded to Kingston; there met Marcuse, the other member of the firm being absent, and an attorney, who represented Marcuse. The stock of goods was examined, boxed up, and delivered to the representatives of the plaintiffs, who made the advances, whereupon Marcuse, having drawn all the money of the firm from the bank at Kingston, absconded with the advances made by the plaintiffs, and with all the money of the firm that he could lay his hands upon. The goods were placed in a car directed to the plaintiffs in New York, to be shipped by railroad. Subsequently the firm was adjudged bankrupt, and the defendant was appointed a trustee in bankruptcy, and obtained possession of the goods from the railroad company before they were shipped to the plaintiffs. The entire transaction thus took place at Kingston, and the principal witnesses, with the exception of the plaintiffs and the employés, who will be required to be examined upon the trial, will be those who had knowledge of the transactions there at the time the goods were shipped. I think this case should be tried at Kingston. It has come to be recognized that, as a general rule, in transitory actions, the case should be tried in the locality where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in a different locality. The good faith of the plaintiffs in making these advances will necessarily be inquired into upon the trial, as upon their good faith will largely depend their right to the possession of this property. They dele-

gated to their representatives sent to Kingston the authority to act for them in making the advances and in receiving possession of the goods. The circumstances under which the advances were actually made at Kingston will necessarily be an important element in determining this question, and it seems to me that that question can be much more advantageously disposed of at Kingston, where the transaction took place, where the property in question was, and where the witnesses to the actual conditions which then existed reside, than in New York. This is especially so when the action is against a trustee in bankruptcy, who, as representing all the creditors of this bankrupt concern, is the individual from whom the plaintiffs seek to obtain possession of these goods which are the property of the bankrupt firm, and which, but for the lien alleged to have been obtained by the plaintiffs would be distributed among the creditors. It would seem, therefore, that there is presented here a case in which the convenience of witnesses and the orderly administration of justice require the place of trial should be in Ulster county.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide event. All concur