(98 App. Div. 152)

### GROFF v. ROME METALLIC BEDSTEAD CO. et al.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES—EXPERTS.

Witnesses who may testify to the value of property from personal knowledge, as distinguished from those who give their opinions on an assumed state of facts, are not within the rule that expert witnesses will not be considered on a motion for change of venue for convenience of witnesses.

2. SAME.

Where the real question to be tried is whether stock of a corporation was sold for less than its fair and reasonable price, which cannot be

¶ 1. See Venue, vol. 48, Cent. Dig. § 76.

shown by market quotations or sales, but depends on the value of the plant and assets of the corporation, which is a going concern, so that many of its books and records which will be required on the trial are necessary for daily use, venue should be changed to the place of business of the corporation, where all the parties, except plaintiff, reside.

Appeal from Special Term, New York County.

Action by Franklin L. Groff against the Rome Metallic Bedstead Company and others. From an order denying a motion to change the place of trial from New York to Oneida county for convenience of witnesses, all the defendants, except William S. and Oscar S. Foster, appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Richard R. Martin, for appellants.

Otto Horwitz, for respondent.

LAUGHLIN, J. The defendant companies are domestic corporations having their principal and only places of business at Rome, Oneida county, N. Y. The Rome Metallic Bedstead Company, which for brevity will be called the Rome Company, was organized in 1895 with a capital stock of 1,000 shares, of the par value of $50 each, and its business is the manufacture of iron bedsteads. It has been successful, and at the times of the transactions in question had a large surplus, which made its stock worth several times its par value. It does not appear that there have been any actual sales of the stock, other than those out of which the suit arose. On the 15th day of January, 1903, it purchased of one Dyett, a stockholder and director, 255 shares of its own capital stock, and 51 shares of stock in the Manhattan Company, for the consideration of $115,000, payable in the promissory notes of the company, indorsed by the remaining directors, including the plaintiff. It is conceded that the Manhattan stock thus purchased was worth $10,200, which would indicate that the company paid about eight times the par value of the capital stock of its own issue purchased by it. Shortly after this transaction the plaintiff became ill and unable to attend to business. He had been a director, but was not re-elected at the annual meeting on the 12th of January, 1904. In his absence, and without his knowledge, on or about the 9th of September, 1903, the company resold this stock to the Central Company for $63,750, payable in notes secured by the stock as collateral. This is a stockholders' action to set aside this resale upon the ground that the same was collusive and fraudulent, and a waste of the corporate assets, and a diversion thereof to the Central Company, in which the defendants Carpenter are alleged to have a controlling interest; and it is alleged that the stock was worth at least $40,000 more than the price at which it was resold. The defendants claim that the resale of the stock was necessary; that the same was made for its full value; and that, on purchasing the stock from Dyett, the company, with a view to getting rid of him, paid more than it was worth. The plaintiff now resides in the city of New York. The transactions all took place in Rome, which, in and of itself, is a material consideration in connection with the convenience of witnesses. Jacobs v. Davis, 65 App. Div. 148, 72 N. Y. Supp. 558; Thompson v.

McKinnon, 57 App. Div. 329, 67 N. Y. Supp. 1106; Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336.

It is unnecessary to analyze the affidavits presented by the respective parties. They are in some respects insufficient, in not showing that the witnesses have been interviewed, or that they have stated that they will testify to the facts which it is expected to prove by them. In the main, it is evident that the witnesses proposed to be called by the respective parties are unnecessary, or that they could not give competent evidence. All of the parties except the plaintiff reside in Oneida county, near the county seat; and, while the rule is that the convenience of parties and of expert witnesses will not be consulted on motions of this character, yet there is a class of expert witnesses that form an exception to the rule, and such are those who may testify to the value of property from personal knowledge, and distinguished from those who give their opinions on an assumed state of facts. It is manifest that the value of this stock cannot be shown by market quotations or by sales. It depends upon the value of the plant and assets of the company. The real question to be tried is whether this stock is being sold at less than the fair and reasonable price that could be obtained therefor. This is a going business corporation. It may be assumed that many of its books and records which would be required upon a trial are necessary for daily use in the transaction of the corporate business. It is evident that no stockbrokers in New York can throw any light on the value of this stock, and that its real value must be determined by the testimony of witnesses familiar with the plant and property and business of the corporation. These witnesses reside in Rome. Therefore, although the moving papers are in some respects deficient, it is manifest from the conceded facts and the nature of the issue to be tried that the case should be tried in Oneida county.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.