## VAN ALSTINE v. BURT.

(Supreme Court, Appellate Division, Second Department. May 24, 1912.)

VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

The place of trial of a transitory action should be changed on defendant's motion to the county where the cause of action arose, where the convenience of defendant's witnesses will be thereby served, and record evidence can be more easily obtained, and where plaintiff admits that he has no witnesses in the county where the suit was brought, except such witnesses as he may call as experts, though as a general rule the place

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of trial will not be changed merely for the convenience of expert witnesses.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Rockland County.

Action by Philip Van Alstine against Gertrude Burt. From an order refusing to change the place of trial, defendant appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Franklin Taylor, of Brooklyn, for appellant.
George A. Wyre, of Nyack, for respondent.

BURR, J. Plaintiff is a resident of Rockland county, and defendant a resident of Nassau county. Prior to September 26, 1910, defendant had been sued by one Driscoll for alienation of her husband's affections, which suit was then pending in the Supreme Court; the place of trial being in Nassau county. At that time she was also engaged by proper proceedings in the Surrogate's Court in Nassau county in settling her accounts as administratrix of her husband's estate. Defendant retained Oscar E. Langer and plaintiff jointly to represent her in said action and proceedings. This action is brought to recover for professional services claimed to have been rendered by plaintiff to defendant between September 26, 1910, and the 21st day of April, 1911. Defendant moved to change the place of trial from Rockland county to Nassau county for the convenience of witnesses. From an order denying such motion, this appeal is taken.

Defendant sets up as a defense the joint retainer of plaintiff with Langer and a defect of parties plaintiff, an agreement with Langer as to the price to be paid for the services, an agreement between Langer and plaintiff for a division of the fee, that the services prior to March 4, 1911, were rendered by plaintiff and Langer jointly, payment in full, and that the services were not of the value claimed by plaintiff. To sustain these defenses, it appears that defendant must call two witnesses as to the subject-matter of the contract, the price agreed upon, and payment. In addition, she must call three witnesses who will testify as to the character of the services rendered, and these three witnesses, together with a fourth witness named, will testify as to the value of the services rendered. All of these witnesses except the latter reside in Nassau county, while the latter witness resides in Kings county. In addition, it will be necessary upon the trial of the action to make use of the records in the office of the county clerk and Surrogate of Nassau county. Plaintiff concedes that he has no witnesses residing in Rockland county except such witnesses as he may call as experts upon the value of services. Under the circumstances here disclosed, the application to change the place of trial should have been granted.

While it is true that the place of trial will not be changed simply

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the convenience of expert witnesses (Adriance, Platt & Co. v. Coon, 15 App. Div. 92, 44 N. Y. Supp. 288; Bushnell v. Durant, 83 Hun, 32, 31 N. Y. Supp. 608), all of the witnesses for defendant with one exception are not called solely as experts, but to testify to essential and material facts. Beyond that, if the action is tried in Rockland county, the difficulty of referring to the records in Nassau county will be greatly increased. The action is transitory in character, and, other things being equal, a transitory action will be tried in the county where the cause of action arose, which in this case is Nassau county. Harrison v. Holahan, 122 App. Div. 740, 107 N. Y. Supp. 741; Spanedda v. Murphy, 144 App. Div. 58, 128 N. Y. Supp. 884; Neiman v. Gardner, 145 App. Div. 197, 129 N. Y. Supp. 913. In this case the "other things" are not equal, but greatly preponderate in favor of the claim that the trial should be had in Nassau county for the reasons above stated.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur, except HIRSCHBERG, J., who dissents.