### SOLBERG v. FT. ORANGE CONST. CO.

(Supreme Court, Special Term, Kings County.  April 28, 1913.)

1. VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

Under Code Civ. Proc. § 984, providing that actions shall be tried in the county in which one of the parties resides, a personal injury action was properly begun in the county of plaintiff's residence; but under section 987, authorizing the court to grant a change of venue for the convenience of the witnesses, the place of trial may properly be changed to the county where the action arose.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

2. VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

In determining the question of change of venue for the convenience of witnesses, the convenience of expert witnesses will not be considered.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

3. VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

In a personal injury action, begun in the county of plaintiff's residence, the defendant will be granted a change of venue to the county wherein the action arose, where seven witnesses for the defendant resided in that locality, and only a few medical witnesses and an electrical expert, who were to testify for plaintiff, lived in the county of his residence, on condition that plaintiff may take the evidence of his witnesses before a referee and introduce it at the trial.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Action by Victor Solberg against the Ft. Orange Construction Company. On motion for change of venue. Motion granted.

Neile F. Towner, of Albany, for the motion.
William V. Burke, of Brooklyn, opposed.

BENEDICT, J. The defendant moves to change the place of trial from Kings to Saratoga county, on the ground that the convenience of witnesses and the ends of justice will be promoted by the change. The action is brought to recover damages for personal injuries which the plaintiff claims he sustained on August 15, 1912, while in the em-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ploy of the defendant and engaged as a carpenter's helper upon certain construction work upon the canal near the town of Waterford in the county of Saratoga, and in the course of which employment he was compelled to work near an uninsulated electric cable and sustained personal injuries from the unprotected electric current, which he claims will be permanent and which necessitated his treatment in a hospital in Brooklyn and subsequent treatment by two physicians in Brooklyn.

[1] The plaintiff resides in Brooklyn. The defendant is a domestic corporation, but where its principal place of business is situated is not disclosed by the papers presented. Under section 984 of the Code of Civil Procedure the county of Kings was therefore properly selected by the plaintiff as the place of trial; but this fact does not prevent the court from changing the place of trial so selected to another county, if by such change the convenience of witnesses will be promoted. It was held by the General Term of the First Department in Gorman v. South Boston Iron Company, 32 Hun, 71, that the directions contained in sections 982 and 983 should be read in connection with section 987, and that the latter section qualifies and controls the peremptory language of the preceding sections. That action, like this, was for personal injuries sustained by the plaintiff while in the employ of the defendant in a county other than that of his residence and of the venue, and the court remarked that it seemed obvious, from the nature of the action, that it ought to be tried in the county where the cause of action arose. It was said by Mr. Justice Burr in Van Alstine v. Burt, 151 App. Div. 81, 135 N. Y. Supp. 779, that, other things being equal, a transitory action will be tried in the county where the cause of action arose.

[2, 3] I think that, upon the record before me in the present case, the defendant has made a satisfactory case for changing the place of trial to Saratoga county, where the cause of action arose. It appears that seven witnesses for the defendant reside either in Waterford, in Saratoga county, or in Troy, in Rensselaer, an adjoining county, and it is shown that these witnesses are material and necessary for the defense of this action. On the other hand, the plaintiff shows that there are two physicians, whose names are mentioned, who reside in Brooklyn and whose testimony he desires; also an unnamed medical witness connected with the hospital in which plaintiff received treatment, and one witness who is an electrical expert. As to the last-mentioned witness it is the rule that the convenience of expert witnesses will not be consulted (see Quinn v. B. H. R. R. Co., 88 App. Div. 57, and cases cited at page 59, 84 N. Y. Supp. 738), and even with that witness the balance is largely in favor of the convenience of the defendant's witnesses, who do not appear to be now in its employ.

The defendant offers to go to trial upon short notice at the next term in Saratoga county, which begins on May 5, 1913, and it is probable that the trial can be had in that county even earlier than it could be in the county of Kings.

[4] In Smith v. Servis, 2 N. Y. Supp. 865,[1] the General Term of

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 50 Hun, 604.

·this court in the First Department, in order to promote the plaintiff's convenience in that case, imposed the condition upon the defendant that he should stipulate that the plaintiff might take the evidence of any of his witnesses, before a referee in the county where the venue was originally laid, to be read on the trial, with the same effect as though the witnesses were personally present. If the plaintiff desires that the same course be followed in this case, so as to avoid the expense and inconvenience of taking his witnesses to Saratoga county, a provision may be incorporated in the order to that effect.

Motion granted, upon the conditions herein specified. No costs. Settle order on notice.