The People of the State of New York, Respondent, v. Joseph Serken, Appellant, Impleaded with Another.— Motion granted.   Present — Burr, Thomas, Rich, Stapleton and Putnam, JJ.

The People of the State of New York, Respondent, v. Sarah Serken, Appellant, Impleaded with Another.— Motion granted.   Present — Burr, Thomas, Rich, Stapleton and Putnam, JJ.

C. Dudley Allen, Respondent, v. Abiel L. Smith, Appellant.— Judgment reversed and new trial granted, costs to abide the final award of costs, upon questions of fact as well as of law; and the following findings of fact are reversed as either being contrary to the weight of the evidence in the case, or without any evidence to support them: Nos. 4, 12, 13, 14, 15, 16, so much of 17 as follows the words Dean Pond, 21, 23, 24, 25, 26, 27, 28, 29, 31, 33 and 35 respectively.   Jenks, P. J., Burr, Carr, Stapleton and Putnam, JJ., concurred.

Luigi Carollo, by His Guardian ad Litem, Dionisio Carollo, Respondent, v. Chelsea Fibre Mills, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, on the ground that no distinct basis of defendant's liability was shown.   Plaintiff had been instructed to operate the machine, and how to start and stop it, and was made familiar with the use of the belt-shifting gear by which the power was applied and turned off.   A part of the operator's duties was to clear off the cogs if they became clogged by shreds of jute.   He was told not to touch the gear to clean it unless the machine was at rest.   With such strict caution, first to have the machine stopped before cleaning the gears, the direction or method for the operator to touch the cogs with his hands instead of using an appliance did not become a negligent one because of the possibility that some intermeddler might start up the machine while plaintiff was thus engaged.   (*Ramsay* v. *Arbuckle*, 147 App. Div. 685.)   Jenks, P. J., Burr, Thomas, Carr and Putnam, JJ., concurred.

Antoinette Cole, Respondent, v. Rochelle Park Association, Appellant. — Order reversed, with ten dollars costs and disbursements, and motion to change place of trial to Westchester county granted, with ten dollars costs.   Where the material witnesses are about equal, the trial should be had in the county in which the cause of action arose, and where the county records may be more readily referred to.   (*Van Alstine* v. *Burt*, 151 App. Div. 81; *Deutsch* v. *Upton Cold Storage Co.*, 146 id. 588.)   Jenks, P. J., Burr, Thomas, Stapleton and Putnam, JJ., concurred.

Mary H. Cooke and Edith M. Cooke, Appellants, Respondents, v. Gertrude S. Higgins, Respondent, Appellant, and Edwin E. Higgins, Appellant, Respondent.— Judgment and orders affirmed, without costs.   No opinion.   Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

John Curtin, Appellant, v. Thomas Healy, Respondent.— Order unanimously affirmed, with costs.   No opinion.   Present — Jenks, P. J., Burr, Thomas, Carr and Rich, JJ.