TAYLOR et al. v. JACOBS et al.

(Supreme Court, Appellate Division, Second Department.   May 28, 1915.)

1. VENUE ⬉⟿52—CHANGE OF—CONVENIENCE.
   Where only one of the plaintiffs resided in the county in which the suit was instituted, and was not alleged to be a witness, the venue should, on defendants' motion, be transferred to the county where the other parties and witnesses resided.

   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. ⬉⟿52.]

2. VENUE ⬉⟿52—CHANGE OF—CONVENIENCE OF WITNESSES.
   Where experts are to testify from their personal knowledge, and not by an assumed state of fact, their convenience should be considered in disposing of a motion for change of venue on account of the convenience of witnesses.

   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. ⬉⟿52.]

Appeal from Special Term, Kings County.

Action by Reginald D. Taylor and others, as executors of the estate of John H. Taylor, deceased, against Samuel K. Jacobs and another. From an order denying defendants' motion to change the place of trial, they appeal.   Order reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Laurence Arnold Tanzer, of New York City, for appellants.
William F. Purdy, of New York City, for respondents.

PER CURIAM.   [1] The cause of action is false representations incident to the sale of realty, with reference to certain leases thereon and to the necessary expenses of the maintenance thereof.   The realty is situate in the county of New York.   It appears that the representations were made, the negotiations were conducted, and transactions were carried out in that county.   It appears that all of the parties are engaged in business therein, that the office of the plaintiffs, as executors, is therein, and that all of the participants in the negotiations who are the supposed or proposed witnesses, of whom many are specified, are engaged in business in the said county.

The sole justification for the venue of the county of Kings is the residence of one of the plaintiffs.   Even as to him, it is not alleged that he is to be a witness, and the allegation of the moving affidavit that he had nothing to do with the transactions involved in this action is not denied.   We think that the motion should have been granted, under the authority of Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558, Archer v. McIlravy, 86 App. Div. 512–514, 83 N. Y. Supp. 727, Lufty v. Sullivan, 119 App. Div. 506, 104 N. Y. Supp. 177, Pinkus v. United Cloak & Suit Co., 124 App. Div. 535–536, 108 N. Y. Supp. 932, and Jacina v. Lemmi, 155 App. Div. 397, 139 N. Y. Supp. 1034.

[2] Some of the witnesses named by the defendants are experts. The respondents contend that their convenience is not to be considered.   This is not the rule when experts are to testify from personal

⬉⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

knowledge (as we may infer in this case), and not from an assumed state of facts. Groff v. Rome Metallic Bedstead Co., 98 App. Div. 152–154, 90 N. Y. Supp. 691.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.