WILLIAM J. ROCHE, Plaintiff, *v.* RAYMOND HOLBROOK, Defendant.
THOMAS O'SHEA, Plaintiff, *v.* RAYMOND HOLBROOK, Defendant.
MICHAEL O'SHEA, Plaintiff, *v.* RAYMOND HOLBROOK, Defendant.
HELEN G. KESEL, an Infant, by GEORGE J. KESEL, Her Guardian
ad Litem, Plaintiff, *v.* RAYMOND HOLBROOK, Defendant.

Supreme Court, Onondaga County, May 19, 1936.

*Stone, Marvin & Hand,* for the plaintiffs.

*McCurn, Farnham & Martineau,* for the defendant.

CROSS, J. This is a motion to change the place of trial of the above-entitled actions from Onondaga county to Otsego county.

The actions arose out of an automobile collision which occurred in Otsego county; the defendant resides in that county. The plaintiffs reside in Onondaga county. The affidavits presented in favor of and in opposition to the motion are somewhat conflicting as to

the materiality of certain witnesses which are claimed to be material and necessary. The plaintiffs must attend the trial. One of the plaintiffs is an infant. Giving effect to plaintiffs' claims that it will be necessary to produce the doctors who treated the different plaintiffs, the number of plaintiffs' witnesses exceeds the number of defendant's witnesses. The rule ·that the convenience of parties and of expert witnesses will not be consulted on a motion to change the place of trial of an action for the convenience of witnesses, does not apply to expert witnesses, who will testify from their personal knowledge of the matter in controversy, as distinguished from those experts who will give their opinions on an assumed state of facts. (*Groff* v. *Rome Metallic Bedstead Co.*, 98 App. Div. 152; *Taylor* v. *Jacobs*, 168 id. 260.)

The court is unable to determine in this application that the doctors are not material witnesses for the plaintiffs on matters of personal knowledge. I am aware that, other things being equal, the place where the transitory cause of action arose is ordinarily the proper county in which to try the action. That rule, however, is not universal. The state of the calendar is such in Syracuse that these four actions can be tried together promptly, having the advantage of an early trial which goes with the right to preference in the infant's action. In this situation, and in view of the modern means of transportation, the invisible county line should not be given controlling consideration. Neither the convenience of material witnesses nor the ends of justice will be promoted by the change of venue.

Motion denied, with a single item of ten dollars costs in favor of plaintiffs and against defendant. Prepare order.