GRENWOLDE ASSOCIATION, INC., Appellant, v. THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants, SUFFOLK SECURITIES CORPORATION, Respondent.— In an action for a declaration that the plaintiff's alleged lien for unpaid assessments is superior to the lien of the respondent's mortgage, to foreclose the lien, and for other relief, judgment in favor of the respondent on the merits unanimously affirmed, with costs. Finding 17 modified by striking out the following words: " which purported, among other things, to modify, alter and amend the said Declaration," and substituting the following words therefor: " which, among other things, modified, altered and amended the said Declaration." Finding 18 reversed. Conclusions of law numbered First, Second and Third are disapproved. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

ANNA GRUBER and LEO GRUBER, Respondents, v. SOL ALPERT, Appellant, and BESSIE GIBBER, Defendant. BEN D. LEVINE and BESSIE GIBBER, Plaintiffs, v. SOL ALPERT, Appellant.— Order denying motion for consolidation of two actions brought to recover damages arising out of the same collision between two motor vehicles, and for change of place of trial from Kings county to Ulster county, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. In our opinion the controlling factor upon the facts in this case is that the causes of action arose in Ulster county. (*Van Alstine* v. *Burt*, 151 App. Div. 81; *Mencke* v. *Goldberg*, 208 id. 820; *Woodland Lumber & Mfg. Co.* v. *Barnett*, 185 id. 572; *Schulz* v. *Hudson Valley Railway Co.*, 147 id. 788, 789; *Rose* v. *Town of Richmond*, 214 id. 142, 144.) The actions may be consolidated without prejudice to any substantial rights, and the codefendant Bessie Gibber in the action in which Anna Gruber and Leo Gruber are plaintiffs has expressly consented to the removal of these actions to Ulster county. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.