## (September 29, 1954.)

LEO L. LADUKE, Appellant, v. RICHARD J. BOND et al., Respondents.— Appeal from an order of the Supreme Court, Clinton County, entered June 3, 1953. This appeal involves the question of the place of trial of a negligence action against the County of Franklin which arose out of a collision between the plaintiff's automobile and a truck owned by the county, in Clinton County. The action was brought in Clinton County. The defendant moved for a change of venue to Franklin County as the proper county under section 52 (subd. 1) of the County Law. The plaintiff made a cross motion to retain the venue in Clinton County on the ground of the convenience of witnesses. The Special Term granted the defendant's motion and, by implication, denied the cross motion. Franklin County was, in the first instance, the proper county in which

to bring the action (County Law, § 52, subd. 1) but the court had the power to change the place of trial to another county for the convenience of witnesses and the promotion of the ends of justice (Civ. Prac. Act, § 187; *Weber* v. *Lacey*, 281 App. Div. 290). The plaintiff asserts that all of the witnesses to the accident except the driver of the defendant's truck, who is himself a codefendant, reside in Clinton County where the accident occurred. However, the plaintiff's affidavits are inadequate in that they fail to state the names of the alleged eyewitnesses and the substance of the testimony which they will give upon the trial. The defendant points out that the witnesses reside in a town approximately equidistant from the county seats of Franklin and Clinton Counties but, the accident having occurred in Clinton County, a change of venue to that county may nevertheless be justified upon proper papers. It further appears that the plaintiff's attending physician resides in Plattsburgh in Clinton County. While his convenience may not be entitled to as great weight as that of witnesses upon the issue of liability, it is not to be entirely excluded from consideration. The rule excluding the convenience of expert witnesses from consideration is applicable only to witnesses who are called solely to give expert opinion. It does not apply to witnesses who "are not called solely as experts, but to testify to essential and material facts" (*Van Alstine* v. *Burt*, 151 App. Div. 81, 82). The statement in our memorandum in *Bushnell* v. *Reay* (276 App. Div. 813) should be limited accordingly. The order appealed from is modified by adding thereto a provision that the plaintiff's cross motion is denied, without prejudice to the making of a new motion to change the venue back to Clinton County upon a proper showing in compliance with section 187 of the Civil Practice Act and, as so modified, the order is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.