G. Robert Witmer, J.
Upon this motion to change the place of trial from Monroe County to Wayne County for convenience of witnesses, it appears that the action is founded in negligence, and grows out of an accident which the plaintiff wife had on defendant’s premises in Newark, Wayne County. The courthouse in Monroe County is over 25 miles from Newark and the courthouse in Wayne County is about six miles from Newark.
*560 Defendant claims that it has two nonemployee witnesses in Newark who must testify. One is a photographer called to take pictures of the place of accident after it happened, and the other is a general contractor who originally built defendant’s structure and will testify to its condition at or about the time of the accident. Both are expert witnesses.
Plaintiff claims that she must likewise call two witnesses who are in Monroe County. One is the doctor, a specialist who has treated her, and the other a representative of the Genesee Hospital who must bring the hospital records. They, at least the doctor, must also be classified as expert witnesses.
The witnesses of each party are somewhat more than mere experts who might be called to testify in response to hypothetical questions. These witnesses will testify from their personal knowledge of matters in controversy. (Laduke v. Bond, 284 App. Div. 859; Roche v. Holbrook, 159 Misc. 796; but cf. Vitti v. Case, 285 App. Div. 857.) In any event each party may well be excused for employing someone in his own county, as was done here.
Mindful of the consideration which must be given to the place where the cause of action arose (Vitti v. Case, supra), I do not find it easy to decide this motion.
The witnesses will have to travel a few miles to testify, regardless of where the case is tried. With the present day ease of travel there is little but an artificial and arbitrary standard in favor of changing the place of trial in this case. (See Roche v. Holbrook, supra.) The calendar situation is such that if the application were granted, the case would first appear upon the Wayne County Calendar in May, and although the calendar there is in good shape, the case might not be reached for trial before November. If the venue remains in Monroe County, the case may well be tried this spring, or at least in the early fall.
In view of the plaintiff’s affidavit of great personal difficulties and hardship attendant upon her going to Wayne County to try this case, the motion is denied. (Creighton v. Kuttruff, 286 App. Div. 987.)
Submit order accordingly.