Henry A. Hudson, J.
This motion is one to change the place of trial from Oswego County to Onondaga County. It is based in negligence and grows out of an accident in which it is alleged the infant plaintiff received injuries at the War Memorial Building located in Syracuse, Onondaga County, New York on or about the 11th day of April, 1957.
*908 It appears from the moving papers that the Onondaga County War Memorial Building is under the operation and control of the County of Onondaga, its agents, servants and employees by virtue of a commission known as the Onondaga County War Memorial Commission appointed by the Board of Supervisors of Onondaga County.
The defendant county makes its motion under section 52 of the County Law and rule 146 of the Buies of Civil Practice.
Subsequently a cross motion for an order retaining the place of trial in Oswego County on the grounds of convenience of witnesses and to promote the ends of justice was made by the plaintiffs.
I will first consider the defendant county’s contention that ibe case should he tried in the county where the accident occurred, under subdivision 1 of section 52 of the County Law, which reads as follows: “ The place of trial shall be in the county against which the action is brought.” This section should be read in conjunction with subdivision 3 of section 187 of the Civil Practice Act, which clearly indicates that the court may change the place of trial for the convenience of witnesses and to promote the ends of justice. (La Duke v. Bond, 284 App. Div. 859; Weber v. Lacey, 281 App. Div. 290.)
I will next consider the plaintiffs’ application to retain the venue in Oswego County because of the convenience of witnesses and to promote the ends of justice. Plaintiffs set forth the names of four witnesses, necessary to the prosecution of the action, three of whom are alleged to be eyewitnesses. Of these witnesses, two arc employees of an Oswego contractor and one is a student at Oswego State Teachers College. The fourth witness is Dr. Pyke, an orthopedic surgeon, residing in and having his practice in Oswego County. Dr. Pyke is said to be the only physician trained in that field in Oswego County. Dr. Pyke’s affidavit sets forth that he will testify as to his care of the infant plaintiff, his diagnosis of plaintiff’s condition, his prognosis as to plaintiff’s future condition and plaintiff’s conscious pain and suffering. His testimony, therefore, is not that of an expert. The plaintiffs do not set forth what fire eyewitnesses will testify to, merely stating what they expect to prove by them. In this respect the affidavits are insufficient to sustain the cross motion to retain the place of trial in Oswego County and would necessarily require supplementation.
The defendant shows that it has five witnesses which it intends to call, who are necessary to the defense of this action. All are residents of Syracuse, Onondaga County, New York. These witnesses consist of two police officers on duty at the *909 War Memorial Building at the time of the accident, the director of the War Memorial Building, William B. Stark, a photographer who took photographs of the scene of the accident, Dr, Linart, of the University Hospital, Syracuse, New York, -as to the nature and extent of the infant plaintiff’s injuries •and treatment administered to him during the 27 days he was hospitalized there and a representative of the University Hospital to testify as to the hospital records, medical history and X rays concerning the infant’s injuries and treatment.
Even though plaintiffs’ affidavits were adequate, each party would have an equal number of witnesses. Each would have a physician, who would not be considered an expert witness, as such testimony would be from the personal knowledge of the witness as to matters in controversy. (La Duke v. Bond, 284 App. Div. 859, supra; Roche v. Holbrook, 159 Misc. 796.) The defendant would have a photographer, who would be classified as an expert and the two policemen who would testify as to their observations at the scene after the accident. Against these the plaintiffs would have three eyewitnesses. We have in addition the fact that the accident occurred in Onondaga County.
As to the inconvenience of travel, Onondaga and Oswego Counties adjoin, the City of Syracuse is but approximately 40 miles from the City of Oswego and, therefore, distance is a negligible factor.
Standing alone, these factors would not be sufficient to warrant the retention of the place of trial in Oswego County in view of section 52 of the County Law.
The only remaining basis, therefore, is plaintiffs’ claim that the ends of justice will be promoted by a speedy trial which can be had in Oswego County. If this is correct, it would be sufficient to warrant retaining the place of trial in Oswego County. (Delair v. Southworth Tractor & Mach. Co., 142 N. Y. S. 2d 449; Clarke v. Schumacher, 223 App. Div. 860.) A determination of this factor depends upon the length of time before the case can be reached for trial upon the calendars in Oswego and Onondaga Counties. Both counties are in the Fifth Judicial District and I am familiar with the condition of the calendar in each. The situation in Oswego County is such that if the application of plaintiffs is granted the case may be reached for trial in February, 1958 whereas it should take from six months to a year before it could be reached on the court calendar in Onondaga County.
Under all of the circumstances, namely, that the counties are adjoining; that it is only 40 miles between the county seats of *910 each county; that each side has about an equal number of witnesses and that a much speedier trial can be had in Oswego than in Onondaga County where the calendar is congested, I am of the opinion that the ends of justice will be promoted by leaving the place of trial in Oswego County where the venue was originally laid and consequently defendant’s motion for a change of venue to Onondaga County is denied and the plaintiffs’ motion to retain the venue of the action in Oswego County is granted, both without costs.
Order accordingly.