■ BENSON HILGERS, Appellant, v. JOHN H. HYDE et al., Respondents. MARY A. HILGERS, Appellant, v. JOHN H. HYDE et al., Respondents.— This is an appeal from separate orders granted at Special Term, Steuben County, changing the venue of these actions from Chemung County to Steuben County. Plaintiffs, who reside in Chemung County, are husband and wife. The motions were argued at Special Term as though this were a single action and the appeals have been taken in the same manner. These actions arose out of two auto-

mobile accidents which occurred near Corning in Steuben County. A unique situation exists in Steuben County in that there are three separate courthouses where Supreme Court actions are tried — Corning, Bath and Hornell — due apparently to the large land area of the county. In Chemung County, the courthouse is located at Elmira. A speedy trial may be obtained in either county. According to the mileage chart, Corning is 17 miles from Elmira, Bath 40 miles and Hornell 60 miles. No problem would be presented if the actions were to be tried in either Corning or Elmira, but the prospect of trial at Hornell or Bath does require us to examine carefully the convenience of the witnesses involved. The next term appointed to be held in Steuben County is at Hornell in September, while the next term in Chemung County is in October. The defendant Hyde, who made the motions to change venue, resides in Steuben County and the defendant Johnson resides in the State of Pennsylvania. The motions to change the place of trial were made on the ground that the convenience of material witnesses and the ends of justice would be promoted by the change. The defendant Hyde expects to call four witnesses, three of whom reside in Steuben County: two State troopers, an employee of the New York State highway engineer's office at Hornell for the purpose of introducing a map, and a garage mechanic from Corning. This last witness would be closer if the trial were held at Elmira, than at Bath or Hornell. The plaintiffs' attorney in his affidavit states unequivocally that he will call four doctors resident in Elmira. The convenience of busy practitioners has real significance, and to the extent that they give testimony as to their personal observation and treatment they are not to be deemed expert witnesses (*Laduke v. Bond*, 284 App. Div. 859). As we said in *Kaufman* v. *State of New York* (286 App. Div. 912, 913): "Moreover, in these days the difficulty of obtaining the presence of doctors in court, even in the same city where they are practicing, is common knowledge." In addition to the doctors the plaintiffs will seek to introduce, with appropriate personnel, records from an Elmira hospital, payroll records from an Elmira business, and testimony as to the cost of repair of plaintiffs' car by an Elmira automobile agency. We are not considering the fact that plaintiffs' attorney states positively that he is producing the State troopers as a part of his case, or that he agrees to stipulate the admission of the map without the presence of the engineer from Hornell. Nor are we considering the fact that defendant's examining surgeon might be called and is a resident of Chemung County. The convenience of a Sayre, Pennsylvania, surgeon is disregarded. Nevertheless, substantially more witnesses would be convenienced by retention of the venue in Chemung County. Where such a large preponderance of witnesses reside in a county other than that in which the cause of action arose, then the place of trial should be in that county (*Jacobs* v. *Davis*, 65 App. Div. 144; *Slavin* v. *Whispell*, 5 A D 2d 296). A further consideration is the location of various records in Chemung County which will be used on the trial (*Van Alstine* v. *Burt*, 151 App. Div. 81; *Slavin* v. *Whispell, supra*). These factors lead the court to conclude that the place of trial should remain in Chemung County. Order reversed and the motions to change the venue from Chemung County to Steuben County denied, with $10 costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.