■ PATSY HARRIS, Appellant, v HAVANERA TROPICAL MARKET CORP. et al., Respondents.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 14, 1989, which, *inter alia,* granted defendants' motion for a change of venue, unanimously reversed, on the law and on the facts and in the exercise of discretion, with costs and disbursements, and the motion denied.

Plaintiff, who claims injury as a result of an accident that occurred while she was a passenger in a bus which, while stopped, was struck in the rear by a truck owned and operated by defendants Havanera Tropical Market Corp. and Rafael Selemi, respectively, brought a personal injury action in Bronx County, where both the defendant driver and the corporate defendant reside, the latter by virtue of the location of its principal office *(see,* CPLR 503 [c]). The accident occurred in Manhattan. Plaintiff was treated at a Manhattan hospital and thereafter by a doctor whose office is in Manhattan.

Defendants moved to change venue to New York County for the convenience of witnesses. The IAS court granted the motion, citing the fact that a preponderance of the witnesses reside in New York County, and that plaintiff was treated there. Under such circumstances, the court held, "unless there are cogent reasons to direct otherwise, the venue of a transitory action should be in the county where the cause of action arose." We reverse.

Venue was properly placed in Bronx County since in a transitory action such as this the place of trial "shall be in the county in which one of the parties resided when it was commenced". (CPLR 503 [a].) While defendants make various assertions that witnesses would be inconvenienced if they had to travel to Bronx County, they fail to make the requisite factual showing in that regard. They have not set forth the names and addresses of the witnesses (except for one, Ms. Johnny Baker), the substance of their expected testimony and the materiality thereof. *(See, Thomas v Small,* 121 AD2d 622.) More importantly, defendants have failed to show how any of the witnesses would be inconvenienced if the action were to

remain in The Bronx, as opposed to a transfer to New York County. A party seeking a change of venue has the burden of establishing that the convenience of witnesses would be served and the ends of justice promoted. *(See, Maynard v Oakes,* 144 AD2d 229; *see also, Blasch v Chrysler Motors Corp.,* 84 AD2d 894.) That burden has not been met here. In such circumstances, it was an improvident exercise of discretion to grant the motion. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.