■ RAYMOND ESSER, Appellant, v SUZANNE M. CIARMELLA, Respondent. HAROON RASHID, Appellant, v RAYMOND S. ESSER, Defendant, and SUZANNE M. CIARMELLA, Respondent. [610 NYS2d 260] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 19, 1993, which granted defendant's motion to change venue from New York County to Suffolk County, affirmed, without costs.

We agree with the IAS Court that this personal injury action should be transferred to Suffolk County where the accident occurred, and where both the eyewitnesses and the police officers who investigated the accident reside. Plaintiffs' nonparty witnesses are doctors whose testimony will bear only on the issue of damages, and whose convenience is subordinate to that of nonparty witnesses who will be testifying on the issue of liability *(Torres v Larsen,* 195 AD2d 285). Concur —Sullivan, J. P., Wallach and Nardelli, JJ.

Rubin, J., dissents in a memorandum as follows: Apparently, plaintiffs are to be deprived of their right to have this action tried in a properly designated County of their choice (CPLR 509) for frivolous reasons supported neither by the moving papers nor the well established precedent of this Court. It is undisputed that plaintiffs, students at the Stony Brook campus of the State University of New York, were both permanent residents of New York County at the time this action was commenced and, thus, designation of this County for trial of the action was entirely proper (CPLR 503 [a]). The affidavits of defendant's counsel, submitted in support of a change in venue, are devoid of any explanation of how defense witnesses will be inconvenienced by having to travel to New York City to testify *(Arbelo v Levin,* 202 AD2d 365, citing *Harris v Havanera Tropical Mkt. Corp.,* 160 AD2d 344). Thus, they are insufficient to support defendant's application *(Clark v New Rochelle Hosp. Med. Ctr.,* 170 AD2d 271; *Lalka v*

*Massafra,* 167 AD2d 265, 267; *Firoozan v Key Food Supermarket,* 151 AD2d 334). As we recently observed in *Pittman v Maher* (202 AD2d 172, 177). "A presumption that a witness will be inconvenienced merely because the courthouse is located in a different county is unwarranted *(see, Kurnitz v New Rochelle Hosp. Med. Center,* 166 AD2d 390; *Scott v Ecker Mfg. Corp.,* 161 AD2d 347)."

A change of venue in this matter is not only without foundation, but will operate to plaintiffs' prejudice. As I stated in *Stonestreet v General Motors Corp.* (201 AD2d 350, 352 [dissenting mem]), "This Court should not overlook the considerable expense for compensation of a medical witness for an appearance at trial." Some four decades ago, the Appellate Division, Third Department noted that "in these days the difficulty of obtaining the presence of doctors in court, even in the same city where they are practicing, is common knowledge" *(Kaufman v State of New York,* 286 App Div 912, 913). More recently, that Court stated its view that the convenience of treating physicians "is a particularly strong consideration weighing in favor of venue in [the county where they practice]" *(Kucich v Leibowitz,* 68 AD2d 1002, 1003, citing *Hilgers v Hyde,* 6 AD2d 963, 964). The situation is greatly exacerbated when, as here, venue is placed in a relatively remote location, requiring that the physician devote an entire day to travel in order to appear as a witness at trial.

Whereas her attorney has stated no reason why defendant's prospective witnesses would be inconvenienced in travelling to New York City to testify *(Moye v H.L. Green, Inc.,* 159 AD2d 242), plaintiffs' counsel specifically address the inconvenience and expense to plaintiffs' treating physicians as well as the hardship which travel to Riverhead will entail to plaintiffs as a consequence of the severe injuries they sustained in the accident *(Messinger v Festa,* 94 AD2d 792). Specifically, the amputation of Raymond Esser's leg resulted in "difficulties attendant on the inability of his stump to support a prosthesis". This condition has prevented him from resuming his studies at Stony Brook. Likewise, the affidavit of plaintiff Haroon Rashid states that he is undergoing physical therapy and "contemplating having further surgery performed".

Plaintiffs also point out that transfer of this action to Suffolk County will occasion considerable delay in the trial. Their opposition papers state, and defendant does not dispute that, in Suffolk County, there is a two-year calendar delay from the time a note of issue is filed before a case comes up for trial, whereas the comparable period in New York County

is less than one year and as little as several months. Thus, it cannot be said that the ends of justice will be promoted by the proposed change in venue (CPLR 510 [3]).

Accordingly, the order of the Supreme Court, New York County (Edward H. Lehner, J.), entered May 19, 1993, which granted defendant's motion to change venue from New York County to Suffolk County, should be reversed, on the law, and the motion denied, without costs.