■ KANDIS M. SMART, Individually and as Administrator of the Estate of GARY SMART, Deceased, Appellant, v HENRY SCHWEIZER et al., Defendants, and FORD MOTOR COMPANY et al., Respondents. [680 NYS2d 327] —Carpinello, J. Appeal from an order of the Supreme Court (Caruso, J.), entered January 23, 1998 in Schenectady County, which, inter alia, granted a motion by defendants Ford Motor Company and Ford Motor Credit Company for a change of venue.

On September 9, 1994, Gary Smart (hereinafter decedent) and defendant Henry Schweizer, a Schoharie County resident, were involved in a motor vehicle accident on State Route 30A in the Town of Schoharie, Schoharie County. Decedent was hospitalized in Schenectady County as a result of his injuries. In November 1994, plaintiff commenced this action designating Schenectady County as the venue for trial. Decedent died on

February 14, 1995 and letters of administration were issued several months later to plaintiff, his spouse, in Schoharie County.

In December 1996, plaintiff was substituted for decedent in the action and granted permission to amend the complaint to add a cause of action for wrongful death. In a separate order, Supreme Court also granted plaintiff permission to add defendants Schweizer Lumber Company, a Schoharie County business, Orange Motor Company, an Albany County business, and Ford Motor Company and Ford Motor Credit Company, foreign corporations, as parties.

After serving answers, Ford Motor Company and Ford Motor Credit Company (hereinafter collectively referred to as Ford) moved pursuant to CPLR 510 (1) for a change of venue from Schenectady County to Schoharie County based upon plaintiff's residence. The affidavit in support of the motion avers that Ford did not realize until plaintiff's August 1997 deposition that plaintiff currently lives in Schoharie County where, in fact, she and decedent had lived for several years prior to the subject accident. Plaintiff opposed this motion, maintaining that the designation of Schenectady County was based on decedent's 5½-month hospital stay there prior to his death. Plaintiff also cross-moved for an order pursuant to CPLR 510 (3) retaining venue in Schenectady County for the convenience of material witnesses. Supreme Court granted Ford's motion and plaintiff now appeals.

We affirm. Contrary to plaintiff's argument, Ford was not barred from making a motion for a discretionary change of venue simply because its companies were not named as original parties in this action. Furthermore, given the confusion over plaintiff's representations as to decedent's residence, we cannot say that Ford moved for this relief in an untimely fashion (*see, Roman v Brereton*, 182 AD2d 556, 557; *see also, Pittman v Maher*, 202 AD2d 172). As for the substance of the motion, Supreme Court did not err in rejecting plaintiff's contention that venue was properly designated as Schenectady County based upon decedent's hospital stay prior to his death, which plaintiff's own deposition described as involuntary and solely related to his medical condition. Generally, persons removed to hospitals or other faculties for treatment do not gain or lose a residence because they are away from home (*see, Corr v Westchester County Dept. of Social Servs.*, 33 NY2d 111, 115-116). Since there is no dispute that, at the time of the commencement of the action, plaintiff and decedent retained their home in Schoharie County and that this is the location where

plaintiff was appointed administrator (*see*, CPLR 503 [a], [b]), we find no abuse of Supreme Court's considerable discretion in granting Ford's motion (*see*, *Levi v Levi*, 201 AD2d 794, 795).

Finally, Supreme Court did not improvidently exercise its discretion in denying plaintiffs' cross motion to retain venue based on the convenience of material witnesses (*see*, CPLR 510 [3]; *Schaefer v Schwartz*, 226 AD2d 619, 620; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169). While the convenience of the physicians who treated decedent and who will testify as to damages is a valid consideration (*see*, *Hilgers v Hyde*, 6 AD2d 963), it is not necessarily a dispositive one (*see*, *Esser v Ciarmella*, 203 AD2d 159; *Hoyt v Le Bel*, 120 AD2d 973), especially since the two counties are contiguous to each other.

Mercure, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.